## SUPREME COURT.

### ELWOOD agt. SMITH.

To sustain an action for the wrongful detaining of personal property, and for delivery thereof, it must appear that, at the time of the commencement of the action, the defendant had such control over the property, that he might have delivered the possession to the plaintiff.

A wrongful withholding implies a power to deliver.

*Ulster Special Term, April,* 1854.—Motion for a new trial.

The complaint alleged that the defendant had become possessed of, and wrongfully detained from the plaintiff twelve tons of hay, the property of the plaintiff, and demanded that the defendant might be adjudged to deliver it up to the plaintiff. The defendant denied the allegations in the complaint.

Upon the trial the plaintiff gave in evidence a chattel mortgage executed by one Hawk, bearing date the 31st of May, 1853. Among the items of property included in the mortgage was the following: "About twelve acres of grass now growing in the meadow, all well fenced and secured in three different pieces." It was also proved that the grass had been cut and put in a barn upon the farm occupied by the mortgagor. On the 3d of October, 1853, a deputy of the sheriff of Delaware sold the hay by virtue of an execution against Hawk in favor

of the defendant, reserving to Hawk enough to winter a cow and ten sheep. The defendant bid it off. The hay was not weighed or separated from that reserved. It was all in one mow. The plaintiff proved that after the sale he forbade the defendant to remove the hay, and that he replied he had bought it, and he should take it away. It was also proved that after the sale Hawk nailed up the barn which contained the hay.

The plaintiff having rested, the defendant moved for a nonsuit, on the ground that the property was not, at the commencement of this action, either actually or constructively, or legally in the possession of the defendant, having been sold while mixed with other hay, and not separated by the officer at the time of the sale, or delivered to the defendant, or taken by him. The court granted the motion, and the plaintiff moved to set aside the nonsuit.

W. YEOMANS, jr., *for plaintiff*.
W. MURRAY, jr., *for defendant*.

HARRIS, JUSTICE. To sustain an action like this, the plaintiff must not only show that he is lawfully entitled to the possession of the property in question, but that the defendant unlawfully withholds it. The latter fact can only be established when it appears that, at the commencement of the action, the defendant had such control over the property that he might, if he would, have delivered the possession to the plaintiff. A wrongful withholding implies a power to deliver. If the defendant could not have delivered the property to the plaintiff he ought not to be punished for not doing it. In this case the defendant had bid off the property at the sheriff's sale, and had declared that it was his intention to remove it. But he had not done so. He had not assumed to exercise any control or dominion over the property. If the plaintiff had a right to the possession under his mortgage, there was no one to prevent his taking it. This action was unnecessary. The nonsuit was, therefore, properly granted, and the motion for a new trial must be denied.