## LATIMER vs. WHEELER.

The term " subsequent," in the 3d section of the act requiring mortgages of personal property to be filed, &c. (*Laws of* 1833, *p.* 402,) means after the time for re-filing has elapsed.

The omission to re-file a mortgage of that kind before the expiration of the year from its execution, will not render it invalid as against a subsequent mortgagee holding a mortgage upon the same property, executed within the year.

The defendant, being the owner of a hotel, and holding a mortgage upon the furniture therein, which was junior in date to one executed to the plaintiff, gave possession of the house and furniture to C., with strict instructions not to let any thing be taken away, because it was assigned to him. On the furniture being demanded, by the plaintiff, under his mortgage, of the defendant, in the presence of C., the defendant claimed that the goods were his, and refused to give them up ; C. not interfering, but remaining entirely passive. In an action by the plaintiff, against the defendant, for the recovery and delivery of the furniture ; *Held* that this was evidence to be submitted to the jury, upon the question whether the defendant had the possession, at the time of the demand, or not.

And that if the jury found that at the time of the demand and refusal the defendant had the possession of the goods, the plaintiff was entitled to recover ; notwithstanding that up to the time of such demand and refusal, the actual possession might have been in C.

APPEAL from a judgment of the city court of Brooklyn. The action was brought for the recovery and delivery of personal property. The jury found a verdict in favor of the plaintiff, and assessed the value of the property at $277.95. Judgment being entered for that sum, with interest and costs, the defendant appealed.

*S. D. Lewis,* for the appellant.

*Ingraham, Underhill & Reynolds,* for the plaintiff.

*By the Court,* BROWN, J. This is an appeal from a judgment rendered in the city court of Brooklyn. The action was brought for the recovery and delivery of personal property which originally belonged to one Benjamin Rathbun, proprietor of the Globe Hotel, Brooklyn. The parties, plaintiff and

defendant, were each of them mortgagees of the property in dispute. The mortgage of the plaintiff was executed by Rathbun in January, 1856, and that of the defendant on the 4th day of February, 1856. Both were bona fide made to secure just debts, and both were duly filed in the office of the register of the county, but the mortgage of the plaintiff was not renewed after the expiration of the year. The defendant, however, had personal notice of the existence and lien of the plaintiff's mortgage before the 5th July, 1856. The action was commenced on the 25th March, 1857, and the possession of the goods was demanded from the defendant in March, 1857, which the defendant refused to deliver. The defendant's mortgage was duly renewed before the expiration of the year from the time it was given, so as to perpetuate the lien.

So far as the parties to this action are concerned, the plaintiff suffers no detriment from the omission to renew his mortgage by re-filing the same with a statement of the amount due, within the 30 days before the expiration of the year from the filing thereof. The defendant's mortgage was given and filed within the year after the giving and filing of the plaintiff's, and he therefore had due notice of the plaintiff's lien. The case of *Meech and another* v. *Patchin*, (4 *Kern.* 71,) determines that the term "subsequent," in the 3d section of the act requiring mortgages of personal property to be filed, &c. (*Laws of* 1833, *p.* 402,) means after the time of re-filing has elapsed.

The chattels in question were a part of the furniture of the Globe Hotel, of which the defendant was the owner, and one Horatio P. Carr was the tenant. Carr testified that the defendant had given him possession of the house and furniture with strict instructions not to let any thing go; not to let Mr. Rathbun or any one else take any thing from the hotel, because it was assigned to him. Michael Carey, a witness for the plaintiff, testified : "He was in the employ of the plaintiff; went to the Globe Hotel with a copy of the mortgage, at the plaintiff's request; saw Mr. Wheeler and Mr. Carr

Latimer *v.* Wheeler.

there. It was a few days before the suit was commenced. I opened the mortgage and told him Mr. Latimer sent me for the goods mentioned in the mortgage. He said there were no goods there belonging to Mr. Latimer. He said they were his, and neither I nor Mr. Latimer could have them. I told him I would see who they belonged to, and he told me to clear out." At this time the defendant was a boarder in the house. This presents the only remaining question in the cause. Replevin in the detinet will lie whenever trover may be maintained, and trover may be maintained wherever the defendant assumes the control of the goods and withholds them from the true owner. Up to the time of the demand by Cary, the evidence does not show such a possession in the defendant as would render him liable. Carr, to whom he had let the hotel, with an agreement to assign to him the furniture, upon the payment by Carr of certain moneys specified in the agreement, would, up to the time of the demand, have been deemed to have the actual possession. But considering that the defendant's title was that of mortgagee ; that he had put Carr in the possession, with directions to suffer no part of the property to be removed ; that Carr was present when Cary produced the plaintiff's mortgage and demanded the goods ; the defendant's claim to them as his own property, and his refusal to allow the plaintiff's agent to remove them, was certainly evidence to be submitted to the jury upon the question whether the defendant had the possession, at the time of the demand, or not. In this view, alone, the case was submitted to the jury by the judge, upon the trial, and I do not think the defendant's exception to this part of the charge well taken. Carr was present when the demand was made of the goods. He did not interfere. He made no objection, but remained entirely passive while his landlord claimed the goods as his own property, and refused the plaintiff's agent permission to remove them. There is every reason to infer that, but for the defendant's interference, the plaintiff would have obtained the goods. After all this he should not be defeated in his recov-

ery, upon the sole ground that the defendant had not the possession at the time of the demand.

The defendant asked the judge to charge the jury that, if they believed Carr was in the actual possession, this action could not be maintained. The judge declined, and the defendant excepted. The court had just charged the converse of this proposition, and told them that if they believed the evidence to which I have referred, they were at liberty to find the defendant had such a legal possession as would enable the plaintiff to maintain the action. After this explicit direction, the defendant should have limited his request to the time when the plaintiff's agent made the demand, and the defendant the refusal, because, up to that time, as I have already said, the actual possession may have been in Carr, and still the plaintiff entitled to recover. Carr, at that time, was not the owner, but held the property for the defendant.

The judgment should be affirmed.

[KINGS GENERAL TERM, December 12, 1859. *Lott, Emott* and *Brown,* Justices.]