CATHERINE BRIGGS v. PHILIP A. METTE.

*Chattel mortgage—Renewal affidavit.*

An affidavit for the renewal of a chattel mortgage is insufficient if it does not distinctly indicate the amount to which the mortgagee was ·entitled. So *held* where the mortgage secured an unexpired lease containing various stipulations, and there was nothing to show whether the lessee had observed the covenants or whether any rent remained due, the affidavit stating merely "that there was due and remaining unpaid on said mortgage the conditions as mentioned in said chattel mortgage lease, and that the mortgagee's interests in the chattels therein described remain unchanged and are hereby renewed for the amount above written."

The annual renewal of a chattel mortgage is required by Comp. L., § 4709, not only for the information of the mortgager's general creditors, but for that of subsequent purchasers or mortgagees in good faith.

Error to Wayne.   Submitted Oct. 14.   Decided Oct. 28.

REPLEVIN.   Plaintiff brings error.

*Henry M. Cheever* for plaintiff in error.   A general renewal of a chattel mortgage is not enough and is not a statement of the mortgager's interest, *Fitch v. Humphrey*, 1 Den., 163; the affidavit must so state the amount due as to enable other creditors to judge how far it would be safe to give credit to the mortgager, *Theriot v. Prince*, 1 Edm. (N. Y.) Sel. Cas., 219.

*Lucius H. Collins* and *F. A. Baker* for defendant in error.   The omission to renew a chattel mortgage does not affect its validity as against purchasers or mortgagees intermediate the original filing and the time prescribed for renewing, *Meech v. Patchin*, 14 N. Y., 71; *Thompson v. Van Vechten*, 27 N. Y., 568; *Latimer v. Wheeler*, 30 Barb., 485; *Dillingham v. Ladue*, 35 Barb., 38.

GRAVES, J.   By the terms of a lease from Waldo M. Johnson to Sarah Cheney, executed by both parties Oc-

tober 1, 1876, Mrs. Cheney covenanted to pay Johnson $1940 rent in advance payments at the rate of $53 per month from October 1, 1876, to May 1, 1877; and at the rate of $61.33 per month from May 1, 1877, to May 1, 1878; and at the rate of $69.67 from May 1, 1878, to May 1, 1879. The instrument embraced a clause by which Mrs. Cheney mortgaged to Johnson her personal property on the premises to secure these payments, and was duly filed as a chattel mortgage January 8, 1877.

Subsequently, and on the 8th of September in the same year, Mrs. Cheney gave her mortgage to Catherine Briggs on the same property for $600, payable in ten months, with interest at ten per cent. This was filed.

January 3, 1878, Johnson filed an affidavit to renew his security for another year.

July 8, 1878, Mette, acting on behalf of Johnson, took possession of the property and Mrs. Briggs replevied it the thirteenth.

The court found against her and she alleges error. Her counsel claims that Johnson's renewal affidavit was not in compliance with the statute, and that his mortgage consequently ceased to be valid as against her. Comp. L., § 4709. On the other hand it is contended that the affidavit was good; but even if it were not, that the defect gave no advantage to Mrs. Briggs. In taking the last position reliance is placed on certain decisions in the State of New York, where the courts have ruled, on a statute resembling our own, that an omission to renew a chattel mortgage does not affect its force against purchasers or mortgagees intermediate the original filing and the time prescribed for renewing; and under this ruling, as will be observed, it would be immaterial whether Johnson's renewal affidavit was good or bad. Without dwelling on the distinction between our statute and that of New York, which is somewhat marked, the opinion is held by the other members of the court that the reasoning of the New York cases is not apposite or agreeable to the view which has prevailed here, not only with the business public, but with the bench and bar. They feel

clear that it is the sense of the provision that annual renewals are to be made in case of an existing mortgage, not only for the information of the general creditors of the mortgagor, but quite as much for the information of those who may have become purchasers or mortgagees in good faith during the vigor of the earlier mortgage.

The case then depends upon the sufficiency of Johnson's renewal affidavit, and in regard to that we have no doubt. The statute requires the affidavit to set forth the interest which the mortgagee has by virtue of the mortgage in the property therein mentioned, and the affidavit filed set up "that there is due and remaining unpaid on said mortgage the conditions as mentioned in said chattel mortgage lease; that his interests in the chattels therein described remain unchanged, and are hereby renewed for the amount above written."

The lease contained various stipulations to be observed by the lessee, and which were secured by the mortgage clause, and the term had still some time to run, and no one, by inspecting the instrument put on file, could gather whether the lessee had observed the covenants or not, or whether any rent remained due or not. The affidavit was ambiguous. It gave no explanation as to the real state of things. No one desiring to redeem could ascertain from it what amount would be necessary. The sum the mortgagee was entitled to call for was not made known. It may have been five dollars, or it may have been five hundred, and it would be difficult to base any certain charge of false swearing upon it, if it were supposed, as it is not, to be dishonest. We are satisfied it failed to convey any such distinct information as the statute required.

It follows from this that the court erred in giving judgment for return of the property; and as the court found the value to be less than the claim of Mrs. Briggs, the judgment must be reversed and one entered here in her favor, with costs of both courts.

The other Justices concurred.