71  459
98  335
71  459
108  318

## DELL WADE v. JOHN D. STRACHAN.

*Chattel mortgages—Description—Growing crops—Renewal affidavit—Subsequent purchasers or incumbrancers.*

1. A mortgage of ".20 acres of wheat now sown and growing on the ground, and still to be sown, on the 20 acres, this present season of 1886," on a specified farm, is not void for uncertainty, but plainly indicates by its terms that it was intended to cover the *first* 20 acres of wheat which the mortgagor should sow on said farm, and that the 20 acres had not all been sown at the time of the execution of the mortgage; and it is the duty of a subsequent purchaser or incumbrancer to inquire and ascertain *what* portion of the 20 acres had been sown before purchasing.

2. The "subsequent purchasers and mortgagees in good faith," referred to in How. Stat. § 6196, are those who become so *after* the expiration of one year from the filing of the mortgage, and *before* its renewal.

3. While the filing of a chattel mortgage ceases to be constructive notice at the expiration of one year, its renewal preserves its lien as to all persons except those acquiring liens, and purchasers or mortgagees, in good faith, in the interim, with the like force and effect as if renewed prior to the expiration of said year.

4. The case of *Briggs v. Mette*, 42 Mich. 12, in so far as it conflicts with *Wetherell v. Spencer*, 3 Id. 123, is overruled.

Error to Ionia. (Smith, J.) Argued June 28, 1888. Decided October 5, 1888.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Davis & Nichols*, for appellant, contended :

1. The mortgage is void for uncertainty of description; citing *Richardson v. Lumber Co.*, 40 Mich. 203; *Golden v. Cockril*, 1 Kan. 259; *Savings Bank v. Sargent*, 20 Id. 576; *Tootle v. Lyster*, 26 Id. 589; *Hires v. Hurff*, 39 N. J. Law, 4; *Fowler v. Hunt*, 48 Wis. 345; *Muir v. Blake*, 57 Iowa, 662; Jones, Chat. Mort. § 56.

2. Counsel contended for the rule laid down in *Briggs v. Mette*, 42 Mich. 12, citing also *Reynolds v. Case*, 60 Mich. 76, and distinguishing the case at bar from *Flory v. Comstock*, 61 Mich. 599.

3. The property mortgaged was not in being when the mortgage was given, and it was therefore void; citing Jones, Chat. Mort. § 147; *Brownell v. Hawkins*, 4 Barb. 491; *Conderman v. Smith*, 41 Id. 404.

*A. A. Ellis*, for plaintiff, contended :

1. For the rule laid down in the opinion as to subsequent purchasers and incumbrancers.

2. A mortgage on crops to be sown on land owned by the mortgagor, or occupied by him, is good, and vests as soon as the crop is sown; citing *Oil Co. v. Maginnis*, 32 Minn. 193; *Anques v. Wasson*, 51 Cal. 620; 1 Parsons, Cont. 523; *Sanborn*

*v. Benedict,* 78 Ill. 309; Jones, Chat. Mortg. §§ 140–143; *Wheeler v. Becker,* 68 Iowa, 723; *Apperson v. Moore,* 30 Ark. 56; *Mayer v. Taylor,* 69 Ala. 403; *Macomber v. Parker,* 14 Pick. 497; *Moore v. Byrum,* 10 S. C. 452; *Cigar Co. v. Foster,* 36 Mich. 368; *Cadwell v. Pray,* 41 Id. 307; *Curtis v. Wilcox,* 49 Id. 427.

CHAMPLIN, J. On September 3, 1886, George W. Baldwin, Alida Baldwin, and Leonard J. Baldwin executed a chattel mortgage to Dell Wade, to secure a note which was given for a pre-existing indebtedness, due on or before September 1, 1887. The mortgage was duly filed on September 4, 1886. The property mortgaged was described therein as follows:

"Twenty acres of wheat now sown and growing on the ground, and still to be sown, on the (20) twenty acres, this present season of 1886, on the farm of George W. Baldwin, on section (12) twelve, in the township of Orange, Ionia county, Michigan; which said above described goods, chattels, and property, at the date hereof, are situate at the farm of George W. Baldwin, in the township of Orange, Ionia county, Michigan."

George W. Baldwin, being indebted to John D. Strachan in the sum of $225, on September 22, 1886, gave to Strachan the joint and several note of himself and L. J. Baldwin, due on or before 10 months after date, and to secure the payment thereof gave to Strachan a chattel mortgage executed by himself and L. J. Baldwin. This mortgage was duly filed. The property mortgaged was described as follows:

"Fifty (50) acres of wheat now growing on my farm, situate and being on the south half (½) of the south-east quarter (¼) of section number twelve (12), in township number six (6) north, of range six (6) west, State of Michigan; the same being the farm on which I now reside with my family, and owned by me, in the township of Orange, in the county of Ionia."

The whole number of acres of wheat sowed by Baldwin in 1886 was 35. There was a dispute between the testi-

mony of the witnesses as to whether any wheat had been sown at all when the mortgage to the plaintiff was executed; some testifying that none at all had been sown, and others that one day's drilling had been done upon a certain field, which was variously estimated to contain from six to ten acres. The wheat was harvested by Baldwin in summer of 1887, and placed in the barn unthreshed.

On September 5, 1887, Wade filed with the township clerk of the proper township the statutory affidavit for renewal of his mortgage.

On September 16, 1887, defendant, claiming under his mortgage, took possession of the wheat in the barn, threshed and sold it, and applied the proceeds as so much paid on his mortgage, the amount realized not being sufficient to pay his mortgage in full. The declaration alleged that defendant converted to his own use the property of the plaintiff; being the wheat grown on the first 20 acres of land sown to wheat by George W. Baldwin on section 12, in the township of Orange, in the fall of 1886.

It was said in *Willey v. Snyder*, 34 Mich. 60, that written descriptions of property are to be interpreted in the light of the facts known to and in the minds of the parties at the time; that a subsequent purchaser or mortgagee is supposed to acquire a knowledge of all the facts so far as may be needful to his protection, and he purchases in view of that knowledge; that descriptions alone do not identify of themselves,—they only furnish the means of identification. The mortgage described the property mortgaged as 20 acres of wheat—

"Now sown and growing on the ground, and still to be sown, on the 20 acres, this present season," etc.

It is a plain inference from this language that the intention of the parties was that the mortgage should attach to and cover the first 20 acres sown that fall. The testimony of the attorney who prepared the mortgage,

and who was present at its execution, was to the effect that the parties so talked at the time it was executed, although the plaintiff testified that it did not attach to or cover any specified 20 acres of wheat; and he understood that he would have the right to select any 20 acres he chose growing on the section, and belonging to Mr. Baldwin.

Had the plaintiff's testimony been the only evidence in the case, and had it been competent for him to contradict and vary so plain an inference to be drawn from the language of the mortgage, it would clearly have been void for uncertainty. *Montgomery v. Wight*, 8 Mich. 143; *Richardson v. Lumber Co.*, 40 Id. 203.

The court submitted it to the jury to find from the testimony whether any wheat had actually been sown by Mr. Baldwin on the section named in the mortgage at the time it was executed, and he instructed them that if none was sown at that time the plaintiff could not recover, and that in any event he could only recover for the wheat that was actually sown at the time the mortgage was executed, and he excluded from their consideration any wheat sown on the 20 acres after the mortgage was executed.

The defendant's counsel submitted the following special question to the jury:

"If any wheat was sown before the mortgage was given to Wade, was it more than six acres?"

To which the jury answered:

"There was more than six acres sown at the time the mortgage was given to Wade."

They also found a general verdict for plaintiff.

The defendant insists that the mortgage to plaintiff is void as to him—

1. Because of uncertainty in the description of the property mortgaged.

2. Because the affidavit was not filed until after the

expiration of a year from the time the mortgage was filed.

As above intimated, we think the mortgage indicates by its terms very plainly that it was intended to cover the first 20 acres of wheat which Baldwin should sow on his farm on section 12. It also shows that the 20 acres had not all been sown at the time the mortgage was executed. A subsequent purchaser or incumbrancer would not know how many of the 20 acres had been sown at that time, but it would be his duty to inquire and ascertain the facts before purchasing. The uncertainty is not in the instrument, for that covers, without question, all the wheat then sown, but in applying the instrument to the subject-matter, as in all cases of this kind, the identification must be made out by evidence *dehors* the instrument. The principles adverted to in *Willey v. Snyder* sustain the validity of this mortgage as against the first objection stated. *Curtis v. Martz,* 14 Mich. 510 ; *Fordyce v. Neal,* 40 Id. 705 ; *Austin v. French,* 36 Id. 199 ; *Giddey v. Uhl,* 27 Id. 94.

The second objection is based upon the fact that plaintiff's mortgage was not renewed by the filing of the required affidavit within one year from the time the mortgage was filed. The mortgage was filed September 4, and the renewal was not filed until September 5 of the year following. By this omission the defendant claims the mortgage ceased to be valid as against his mortgage, which was given by Baldwin on September 22, 1886, and was filed the same day.

Section 6196, How. Stat., reads as follows:

"Every such mortgage shall cease to be valid, as against the creditors of the person making the same, or subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing of the same or a copy thereof, unless, within thirty days next preceding the expiration of the year, the mortgagee, his agent or attorney,

shall make and annex to the instrument or copy on file as aforesaid an affidavit, setting forth the interest which the mortgagee has, by virtue of said mortgage, in the property therein mentioned, upon which affidavit the township or city clerk shall indorse the time when the same was filed: *Provided*, That such affidavit, being made and filed before any purchase of such mortgaged property shall be made, or other mortgage received or lien obtained thereon, in good faith, shall be as valid to continue in effect such mortgage as if the same were made and filed within the period as above."

It is not claimed by defendant that he acquired any lien, or became a purchaser or mortgagee in good faith, after September 4, 1887, which was Sunday, and Monday, the 5th, when the renewal was filed. The effect of the renewal then to him was the same as if the affidavit had been filed within 30 days before the expiration of the year, and, if it had been so filed, it would not be claimed that it had ceased to be valid as against him.

It was held in *Wetherell v. Spencer*, 3 Mich. 123, that a second mortgagee of property, where the first was duly filed at the time the second mortgage was taken, is not a mortgagee in good faith. The Court, speaking by Mr. Justice DOUGLASS, said:

"Now, the plaintiff was a subsequent mortgagee of the same property; but, having notice of the prior incumbrance, he was not a subsequent mortgagee in *good faith*, within the meaning of the statute, which was merely designed to protect those who might otherwise be injured by want of notice."

The learned judge then refers to the decisions of the court of the state of New York, under a statute which is substantially like our own, and approves of the opinion in *Gregory v. Thomas*, 20 Wend. 17. Later decisions in that state support the doctrine laid down in the opinion of *Lewis v. Palmer*, 28 N. Y. 271; *Benjamin v. Railroad Co.*, 54 Id. 675; *Trust Co. v. Hendrickson*, 25 Barb. 484;

*Hill v. Beebe,* 13 N. Y. 556; *Meech v. Patchin,* 14 Id. 71; *Marsden v. Cornell,* 62 Id. 215; *Thompson v. Van Vecten,* 27 Id. 568; *Latimer v. Wheeler,* 30 Barb. 485; *Wray v. Fedderke,* 43 N. Y. Super. Ct. 335; *Manning v. Monaghan,* 23 N. Y. 539.

The language of our statute, referring to subsequent purchasers and mortgagees in good faith, refers to those who become so subsequently to the expiration of the year, and before the renewal affidavit is filed. A person who takes a second mortgage within the year is affected with notice of the mortgage on file; but after the year has expired, and there has been no renewal, a person who then takes a mortgage is not affected by notice created by the filing of the first mortgage. The office and effect of filing as notice expires with the year, and remains so until renewed by filing the affidavit, and then, by force of the proviso, as to all persons except those acquiring liens in good faith, or purchasers or mortgagees in good faith, in the interim, the lien of the mortgage is preserved with the like force and effect as if filed prior to the expiration of the year.

The defendant cites the case of *Briggs v. Mette,* 42 Mich. 12 (3 N. W. Rep. 231), as supporting the contrary doctrine. From the opinion of Mr. Justice GRAVES in that case it appears that the Court was not entirely unanimous in the views expressed. He says:

"The opinion is held by the other members of the Court that the reasoning of the New York cases is not apposite or agreeable to the view which has prevailed here, not only with the business public, but with the bench and bar."

I suggest that the view of the bench is best voiced from the decision above quoted from this Court in the case of *Wetherell v. Spencer,* which had then been the expression

of what the law was in this State for nearly 30 years. The case of *Wetherell v. Spencer* was not referred to in *Briggs v. Mette,* and, so far as the latter case conflicts with the former, I think the latter case should be overruled. See, also, *Manwaring v. Jenison,* 61 Mich. 117 (27 N. W. Rep. 899).

The judgment must be affirmed.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred.

CAMPBELL, J. I agree with all the doctrine of my Brother CHAMPLIN, except as to what he says of *Briggs v. Mette,* which was decided on full consideration, and I think properly decided.