DENNIS MAGIRL, SR., Appellee, v. DENNIS R.
MAGIRL et al., Appellees, and G. H.
ODELL, Sheriff, Appellant.

1. **Chattel Mortgage**: DESCRIPTION OF INDEBTEDNESS INDEFINITE:
    FRAUD. An indefinite statement in a chattel mortgage, as to the
    amount of the indebtedness intended to be secured thereby, when
    the facts relating to the indebtedness are within the knowledge of
    the parties, is not in itself such evidence of intentional concealment
    as will render the mortgage fraudulent.

2. ———: ———: ———. A chattel mortgage conditioned that the
    mortgagor shall save and protect the mortgagee "from the payment of
    any and all debts which he has obligated himself to pay" on the mort-
    gagor's account, "as surety in fact or otherwise" for said mortgagor,
    is not so indefinite in its description of the indebtedness as to render
    the mortgage void as to the creditors of the mortgagor.

*Appeal from Delaware District Court.*—HON. D. J.
LENEHAN, Judge.

SATURDAY, OCTOBER 14, 1893.

ACTION in equity to enjoin the defendant sheriff
from selling certain mortgaged personal property, and
asking for the foreclosure of a real estate mortgage,
also of a chattel mortgage. There was a demurrer to
the petition, which was overruled, and the defendant
sheriff appeals.—*Affirmed.*

*Yoran & Arnold*, for appellant.

*Bronson & Carr*, for appellee.

KINNE, J.—The defendant, Dennis R. Magirl, on November 3, 1890, executed to the plaintiff his certain mortgage upon real estate therein described. Said mortgage was filed for record on the same day. On the same day the defendant executed and filed for record a chattel mortgage on certain property to plaintiff. Each mortgage expressed a consideration of one dollar. The chattel mortgage contained the following provision: "To be void on condition that the said Dennis R. Magirl shall pay or cause to be paid all debts and liabilities that have been secured for him by said second party (plaintiff), and save and protect said second party from the payment of any and all debts which he has obligated himself to pay on first party's account, as surety in fact or otherwise for first party." The real estate mortgage contained a like provision. The petition avers that in fact the plaintiff had, prior to the execution of the mortgage, obligated himself to pay, as surety or otherwise for the defendant, certain notes, which are set out, and on which there is due more than three thousand dollars; that the mortgages were taken to secure the plaintiff against loss on account of his signing said notes, and obligating himself for the payment of the same; that the defendant sheriff, on April 4, 1891, and by virtue of two executions, issued out of the office of the clerk of Delaware county, Iowa, levied on the property, real and personal, covered by said mortgage, to satisfy certain judgments rendered against the defendant, Magirl. It is also averred that notice was on May 9, 1891, served upon the sheriff, informing him of the several sums still unpaid, and for which said mortgages were given as security, and claiming a lien on said property,

the right of possession of the same, and the release of said levies; after which the said sheriff released the real estate from said levies, and refused to release the personal property; that said sheriff had actual notice, when he made the levy on said personal property, of the existence of the said mortgage lien thereon; that said levy was wrongful. Other necessary allegations were made for the issuance of an injunction. It was prayed that the lien of the plaintiff's mortgages be decreed first, and that they be foreclosed; that an injunction issue restraining said execution sales; that the liens be decreed void, etc. An injunction issued as prayed. The defendant sheriff demurred to the petition on the ground that the facts stated did not entitle the plaintiff to the relief demanded. The sheriff alone appeals.

I. It is insisted that the parties to this mortgage must have known all the facts touching the indebtedness sought to be secured thereby, and

1. CHATTEL mortgage: description of indebtedness indefinite: fraud.

that, by intentionally withholding them, they have been guilty of such concealment as amounts to a legal fraud, vitiating the instrument, so far as creditors are concerned. We do not think such a result necessarily follows. Even if it be conceded that the facts relating to the indebtedness were within the knowledge of the parties, there may have been no intentional concealment of them, even though they were not fully set out. It occurs to us that whether or not the mere failure to fully describe the debt would amount to a fraud would depend upon circumstances to be disclosed by the evidence; it is a question of fact. Doubtless there might be a case where such failure to fully describe the debt might be strong evidence of fraud, but this description, on its face, is not of such a character as to render the mortgage fraudulent.

II.   It is contended that the description of the debt was so indefinite as not to put creditors upon 2. —: —: —. inquiry.   We have already set out the conditions of the mortgage in this respect. It may be conceded that the better and safer practice is to specifically set out or to describe the indebtedness sought to be secured; yet the failure to do so does not of necessity render the mortgage of no effect as to creditors of the mortgagor.   As is said by DEWEY, J., in *Henshaw v. Sumner*, 23 Pick. 446, the use of a chattel mortgage "as idemnity for liabilities as sureties and indorsers must necessarily exclude the idea of great precision in the exact amount of the incumbrance being made apparent on the face of the mortgage.   There must be a sufficient general description to embrace the demands and liabilities intended to be secured, and to put the person examining the record upon inquiry, and to direct him to the proper source for more minute and particular information of the amount of the incumbrance."   *Carter v. Rewey*, 62 Wis. 552, 22 N. W. Rep. 129.   It is said in *Fetes v. O'Laughlin*, 62 Iowa, 533, "The amount of the debt need not be shown upon the face of the mortgage if reference be made to other evidence thereof from which the true amount of the debt may be determined."   So it is said: "When the description of the debt is sufficient to direct a person to the source for information as to the amount of the incumbrance, the mortgage will not be held void on the ground of uncertainty in the description of the demand or liability intended to be included."   Jones on Chattel Mortgages, section 86.   In *Michigan Ins. Co. v. Brown*, 11 Mich. 265, the condition in the mortgage was for the payment of "all sums of money now due, or hereafter to become due."   It was contended in that case that the mortgage was invalid on account of insufficient description.   The court said:   "The only question presented is whether a mortgage to secure all

debts existing is good without specifying them. Upon review of the cases which were cited in the argument, we are satisfied that there is no legal objection to such a mortgage. It affords the means of ascertaining by inquiry the amount claimed to be due at any time. The objection that a limit of liability should appear is more specious than sound. Such a limitation will always be made large enough to cover all contingencies, and leaves it still necessary to make inquiry to learn the real amount secured; and, so far as opportunities for fraud are concerned, such a maximum limit would be quite as convenient a medium of deceit as an open mortgage. As a matter of fact, even when mortgages have been given for specific debts, inquiry is usually necessary to learn the balance unpaid; while mortgages of indemnity introduce not only uncertainty in amount, but contingency of liability. As yet there is no respectable authority which vitiates these. * * * We are of the opinion that the law has been settled correctly, and that the supposed evils of permitting such transactions are no greater than those which attend very many other dealings of undoubted legality." The appellants contend that the case was decided under some statute which renders it of no force as a precedent. No statute is referred to by the court, either in the statement of facts or opinion. The objection that this case related to a real estate mortgage is without force, especially as the ground upon which it was decided, the necessity of so describing the indebtedness as to put creditors upon inquiry, is the very question made by the appellant in the case at bar. The case of *Briggs v. Mette*, 42 Mich. 12, 3 N. W. Rep. 231, is cited by appellants to show that the rule in the insurance case above referred to would not apply to a chattel mortgage. The *Briggs Case* was expressly based upon a statute which requires certain matters to be set out in an affidavit renewing a chattel mortgage, and in no

way militates against the holding in the insurance case. See, also, *Kramer v. Bank*, 15 Ohio, 260.

It is apparent that when the debt to be secured is a contingent liability, arising from the relation of a surety, the same certainty of description, in all respects, is not possible as in some other cases. Many cases are cited by counsel. We do not deem it necessary to refer to them further. After an examination of them, we are satisfied that the mortgage in suit is not so wanting in a proper description of the debt as to be void upon its face. It described the character of the debt. It disclosed that the indebtedness arose out of certain obligations assumed by the mortgagee for the mortgagor. The means were thus furnished creditors to ascertain from the parties to the mortgage the extent of the liability incurred for which the security was given. It appears from the petition that, at the time the mortgage was executed, the mortgagee was security on some nine different notes for the mortgagor, running to several different parties. Had these all been fully described, still the creditors would, in order to have known with any certainty as to what, if any, liability then existed, have been compelled to have made inquiry either of the parties to the mortgage, or of the holders of the several notes, to ascertain if they had been paid. The only additional burden imposed by the general description in the mortgage in suit is an inquiry of the parties to the mortgage as to the holders of the debt secured by it. If the appellant's contention is correct, then a bill of sale of chattels, absolute on its face, but which was in fact given as security for a debt, would be void as to creditors, because the indebtedness which it secured was not described in the instrument.

We think the demurrer was properly overruled. AFFIRMED.