ALASKE UNTERSTUETZUNGS VEREIN v. WALL et al.

(Supreme Court, Appellate Term.   June 28, 1899.)

REPLEVIN—NECESSITY OF SHOWING DEFENDANT'S POSSESSION.

> To sustain an action of replevin, it must be shown that, at the time the action was commenced, defendant had either the actual possession of the property or such control over it that he might have delivered it to the possession of plaintiff.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action of replevin by the Alaske Unterstuetzungs Verein against Peritz Wall and another.   Judgment for plaintiff, and defendants appeal.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Louis Levy, for appellants.

August P. Wagener, for respondent.

FREEDMAN, P. J.   This action was brought in replevin to recover a Jewish Bible, alleged to belong to the plaintiff, and to have been wrongfully detained by the defendants.   The defendant Fingerhut was not served with process, and did not appear upon the trial.   The plaintiff recovered a judgment in the court below for a return of the property, or, in case a return thereof could not be had, for the sum of $40 and costs.   It was not shown upon the trial that the defendant ever had either the actual or the constructive possession of the property in question.   All the testimony bearing upon that subject, on the part of the plaintiff, was given by plaintiff's witness Mrs. Koppleman, who testified that the Bible was kept at her house; that the defendant came to her the night before the Bible was taken away, and said that he (defendant) would send the sexton or janitor of the society the next day after the Bible, and that when he (the sexton) came she should let him have it; that the sexton came alone the next morning after this conversation, and took the Bible away.   Upon demand being made upon the defendant, he denied ever having had possession of the book, and on the trial testified that he never had the conversation with Mrs. Koppleman, or that he directed the sexton to get the Bible; that he had no knowledge as to where it was.   The testimony on the part of the plaintiff was wholly insufficient to maintain this action.   To sustain an action for the wrongful detention of personal property, it must appear that, at the time of the commencement of the action, the defendant had either the actual possession of, or such control over, the property that he might have delivered it to the possession of the plaintiff.   Elwood v. Smith, 9 How. Prac. 528; Latimer v. Wheeler, 30 Barb. 485; Wheeler v. Allen, 51 N. Y. 42.   Judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.   All concur.