## David Preston et al.

## v.

## J. Blackburn Jones.

1. Payment by order upon a third party.—Appellee being sued as indorser of a promissory note, pleaded payment by delivery and acceptance of an order for the amount upon a third party. It appeared that when called upon by appellants' correspondent for payment, he gave the order to him to be sent to appellants. The order was sent, and appellants having failed to collect the amount due on it, retained it till it was produced on the trial : *Held*, that these facts raised no presumption that appellants received the order in full satisfaction of the amount due on the note.

2. Evidence—Correspondence.—Appellee, in delivering the order to appellants' correspondent, made him his agent in transmitting the proposition for settlement to them, and the correspondence between such agent and appellants, regarding the transaction, was admissible, as tending to show whether or not the order had been received and accepted by appellants in satisfaction of their claim.

Error to the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding. ,

Mr. Morton Culver, for plaintiffs in error; argued that if a bank to whom paper is sent for collection, receives anything else than money, it is no payment; and if it takes anything else it becomes the agent of the payor, and its acts do not bind the sender unless specially notified, and cited German American Bank v. Nat. Bank of Missouri, 11 Chicago Legal News, 97; Nolan v. Jackson, 16 Ill. 272; Vickery v. McClellan, 61 Ill. 311; U. S. Life Ins. Co. v. Advance Co. 80 Ill. 549.

Messrs. Steele & Jones, for defendants in error; that if a guarantor signs after delivery of the note to the payee, a new

consideration must be shown for the guaranty, cited Parkhurst v. Vail, 73 Ill. 343; Pahlman v. Taylor, 75 Ill. 629; Boynton v. Pierce, 79 Ill. 145; White v. Weaver, 41 Ill. 409.

There was evidence to support the verdict, and it should not be set aside: Varner v. Varner, 69 Ill. 401; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Clifford v. Lubring, 69 Ill. 410; Chapman v. Burt, 77 Ill. 337; C. & N. W. R. R. Co. v. Ryan, 70 Ill. 211; McClelland v. Mitchell, 82 Ill. 35.

Plaintiffs in error, on affidavit being made for a continuance, admitted that the witnesses, if present, would swear to the facts stated, and such facts were read to the jury. This was not the reading of *ex parte* affidavits, but a statement of admitted facts: Rev. Stat. 740, §§ 44, 45; Utley v. Burns, 70 Ill. 162; C. & N. W. R. R. Co. v. Clark, 70 Ill. 276.

Pleasants, J.   Plaintiffs in error, who were bankers in the city of Chicago, sued defendant in error as guarantor of a promissory note made to them by W. P. Jones, of March 1, 1876, at five months, for four hundred dollars. The defenses set up were, first, that he endorsed the note after it had been delivered to plaintiffs, and without consideration; and second, that he delivered to them and they received in full satisfaction of his liability, an order of Bartlett Waldron upon Hagar Waldron, adm'r, &c., for four hundred and forty-five dollars.

Upon the first issue it appeared that the note was for a balance due on a previous one, for which it was to be taken as an extension only when and upon condition that defendant should guarantee it, and that the old one was not surrendered or canceled nor the new one absolutely accepted until the latter was so guaranteed. Whether defendant at the time of his endorsement knew of this understanding between the plaintiffs and the maker was not distinctly shown, but this branch of the defense seems not to have been much relied on. No instruction was asked of the county court, and no question is presented here in reference to it.

Upon the second issue the evidence showed that after the note matured, plaintiffs sent it for collection to Emil Karst, cashier of the Continental Bank of St. Louis, Missouri, where

defendant then resided; that Karst notified him in the usual form; that defendant called and offered to turn over in satisfaction of the claim against him the order above referred to, saying it was good, and with proper care could be collected; that Karst disclaimed authority to receive it as proposed, and some evidence was introduced tending to show that he agreed to send it to plaintiffs, and if they should decline so to receive it he would return it to the defendant within a week. He did immediately send it to them, but with what proposition or statement, if any, was not proved. It appears, however, that they held it, made some ineffectual effort to collect it, and produced it on the trial. Plaintiffs offered in rebuttal certain letters, testified to be all the correspondence between them and Karst about the order, and particularly one of December 18, 1876, purporting to be signed by him and enclosing said order, but the court, upon objection by defendant, refused to admit them.

We are not advised as to the ground of the objection or of the ruling. The handwriting of Karst was not formally proved, but the witness stated that all of the letters signed "Preston, Kean & Co." were written by him, and those signed "Emil Karst" received in answer to them respectively; and that of December 18 was further authenticated by the order enclosed, which defendant himself testified he delivered to Karst on that day for transmission to plaintiffs. This letter communicates no such proposition as that which defendant says Karst agreed to report. Its language is: "J. Blackburn Jones called to-day and handed in the within order, Bartlett Waldron on Hagar Waldron, Sparta, Ill., for $445, stating that the same would be paid within forty-five days, proceeds to be applied to the payment of his indorsement note, $400."

We are of opinion that the evidence introduced failed to make out the defense. Upon this issue the burden was upon the defendant to, show, by a preponderance of evidence, that plaintiffs accepted the order in satisfaction of his liability. Karst had no authority to make any agreement for them in relation to it. The proof, then, as against them, went no further than to show that they received it, and having failed in

efforts to collect it, produced it on the trial.   These facts raise no presumption that they received it in full satisfaction rather than as collateral security; and if they did, it was error to exclude evidence offered and tending to rebut such presumption.

In sending the order to plaintiffs, Karst was the agent of the defendant.   Whatever proposition accompanied it was therefore part of the *res gestæ*, even if it was not the proposition of the defendant, and upon one or both of these grounds was admissible.   Plaintiffs could not ratify an arrangement made by Karst with the defendant until they knew what it was, and the jury should not have been permitted to presume, merely from his sending and their keeping the order, as stated, that at the time of sending it he reported a particular proposition, especially when the clearest possible proof was offered that he in fact reported a very different one; yet this is about what was done by excluding the letter and giving the second instruction asked by defendant.

The trial resulted in a verdict for him, which the court ought to have set aside for the reasons above given, but refused, and entered judgment thereon against the plaintiffs for costs.   Said judgment is therefore reversed and the cause remanded.

Reversed and remanded.