ALMA L. GRIFFIN v. DANIEL FORREST AND MATHIAS
KIPFMILLER.

*Chattel mortgage—Affidavit of renewal—Computation of time.*

Where an affidavit for the renewal of a chattel mortgage described the
mortgage as filed "with the clerk of the township of Bridgeport in
Saginaw county, Michigan," and the attestation clause was, "Sub-
scribed and sworn to before me this 20th day of August, 1879, at
Bridgeport," it was *held* that the venue was sufficiently given.

The general rule for computing time, in Michigan, is to treat a day as an
entirety, and not regard fractions of a day.

The Michigan statute providing that a chattel mortgage shall cease to be
valid after the expiration of one year unless, within thirty days next
preceding, an affidavit of renewal shall be filed (Comp. L. § 4709),
does not require the hour of filing to be noted, but merely provides
that the clerk "shall indorse the *time* when the same was filed."
*Held* that a renewal purporting to have been made on the anniversary
of the filing of the mortgage is therefore sufficient.

Error to Saginaw. Submitted Oct. 10. Decided Oct. 18.

REPLEVIN. Plaintiff brings error. Reversed.

*Wheeler & McKnight* for appellant. In filing an affi-
davit for the renewal of a chattel mortgage, the hour of
filing need not be indorsed: *Woodruff v. Phillips* 10
Mich. 500; an affidavit is a statement on oath in writing,
sworn to before some person who has authority to adminis-
ter it, and it need not be signed by the party making it:
*Dickinson v. Simondson* 25 Mich. 115; the *jurat* should
state when, where and before whom he was sworn: *Smart v.
Howe* 3 Mich. 593; in the English practice no venue is
spoken of; in Dan. Ch. Pr. §§ 2174, 2188, p. 754, the *jurat*
to answers is put at the top, and no author speaks of a venue
except as in the *jurat;* in *Locke v. Tuttle* 41 Mich. 407, the
venue is treated as unimportant, if the place of execution
appears in the papers: *Fisk v. Tank* 12 Wis. 299; *Burns
v. Doyle* 28 Wis. 461; it is presumed that an affidavit is

sworn to within the limits of the officer's jurisdiction, and omission of a venue is disregarded : *Barnard v. Darling* 1 Barb. Ch. 218 ; *Parker v. Baker* 8 Paige 428 ; *Young v. Young* 18 Minn. 90 ; *Perkins v. Collins* 3 N. J. Eq. 482 ; in *Kearney v. Andrews* 5 Wis. 24, an affidavit for appeal was allowed though it did not give the titles of the court and cause : *Ex parte Metzler* 5 Cow. 287.

*Wisner & Draper* for appellees.    The statutory requirement that the time of filing an affidavit for the renewal of a chattel mortgage must be noted means that the hour shall be noted : Herm. Chat. Mortg. 188 § 87 ; *Seaman v. Eager* 16 Ohio St. 210 ; and if the mortgage is not renewed in the manner required by the statute is it inoperative : *Briggs v. Mette* 42 Mich. 12.

COOLEY, J.    The controversy in this case concerns the respective rights of mortgagees of the same personal property.

The first mortgage was given by Myron A. Griffin and two others, August 20, 1878, and was filed in the office of the township clerk of Bridgeport in Saginaw county on the day of its date.    It is not disputed that this was the proper office for filing it.    The clerk noted the mortgage as filed at three o'clock in the afternoon.    August 20, 1879, the mortgagee made and attached to this mortgage the following affidavit :

" John G. Trump being duly sworn deposes and says that Myron A. Griffin, Byron Shreve and Francis Shreve on the 20th day of August, 1878, conveyed to him certain chattel property, the mortgage of which was filed on the 20th day of August, 1878, with the clerk of the township of Bridgeport in Saginaw county, Michigan, to secure the payment of $399 and interest from August 20th, 1878, and that there is yet unpaid on said mortgage $199 and interest on the same from August 20th, 1878, and that this affidavit is made for the renewal of said mortgage.

Subscribed and sworn to before me this 20th day of August, 1879, at Bridgeport.

LEONARD BLAKELY,
Justice of the Peace."

On June 20, 1879, the same mortgagors gave to Nichols, Shepard & Co. a second chattel mortgage on the same property to secure another debt. This mortgage was filed the day following its date. The first mortgage was foreclosed in November, 1879, and plaintiff became purchaser at a public sale. The defendants took possession under the second mortgage in August, 1881, and plaintiff replevied.

As it is not claimed that the first mortgage was ever paid, the plaintiff's right to the property seems to be unquestionable, unless the lien of the first mortgage was lost by a failure to keep it alive by the proper affidavit. The statute provides that "every such [chattel] mortgage shall cease to be valid, as against the creditors of the person making the same, or subsequent purchasers and mortgagees in good faith, after the expiration of one year from the filing of the same or a copy thereof, unless, within thirty days next preceding the expiration of the year, the mortgagee, his agent or attorney, shall make and annex to the instrument or copy on file as aforesaid an affidavit, setting forth the interest which the mortgagee has, by virtue of said mortgage, in the property therein mentioned; upon which affidavit the township or city clerk shall indorse the time when the same was filed." Comp. L. § 4709.

It is first objected to the affidavit made by Mr. Trump that it is without venue and therefore ineffectual. We do not agree in this. It is certainly somewhat informal; but it purports to be sworn to at Bridgeport; and this must be understood as the Bridgeport just mentioned, in Saginaw county, Michigan. This sufficiently gives the venue.

It is next said that it was not shown that the affidavit was made and annexed to the mortgage in due season. There was no showing at what time in the day it was made and annexed, and it might have been later in the day than the time of filing the mortgage a year before. If so, it is said it was not within the year, and therefore was too late. The force of this objection must depend upon the proper construction of the statute. If fractions of a day are to be regarded, in the filing of chattel mortgages, and if it is the

official duty of the clerk to note the hour when he receives a paper, the defendants are right in their position, and the plaintiff's title must fail. But the statute does not in terms require this; it speaks of the *time* when papers are filed; and in general the law regards a day as an entirety, and takes no note of fractions of a day. One very good reason for this is that it best accords with the common understanding and is least likely to lead to mistakes in the application of statutory provisions. If a man is given a certain number of days after an event in which to perform an act or claim a right, he is likely to understand that he is allowed so many full days, and would be surprised if told that the fragment of the day on which the event took place was to be taken into the account against him. Another reason is that an inquiry into the actual hour and minute when an act is done is likely to be unsatisfactory and to lead to uncertain results; and it is undesirable that rights should depend upon such uncertainties. There are cases where it cannot be avoided; as, for example, where two or more chattel mortgages upon the same property are filed on the same day; but these cases are exceptional. The general rule treats a day as merely a point in time; and rights are best conserved and guarded by doing so.

Applying the general rule to this case we find the Trump mortgage renewed in due season. It was renewed within the year following the day on which the original filing took place, and within the last thirty days of the year. That, we think, was sufficient. A different view of the Ohio statute was taken in *Seaman v. Eager* 16 Ohio St. 210; but the court in that case construed the statute as requiring the clerk to note the exact time of the day when the filing took place; whereas the general understanding in this State has been that only the day need be noted.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.