THE CHELTENHAM STONE AND GRAVEL COMPANY

v.

THE GATES IRON WORKS.

*Payment of Pre-existing Debt—Acceptance of Note of Third Party—
Collateral Security—Evidence.*

1. Where a note of a third party is given for a pre-existing debt, its mere acceptance by the creditor only operates to make it a collateral security. Nothing short of an actual agreement or evidence to support a positive inference to that effect, will make it operate as an immediate and absolute satisfaction and discharge of the debt.

2. In the case presented, it is *held:* That the credit of the note to the debtor's account, and the subsequent rendering of monthly statements showing such credit, is not evidence from which a positive inference can be drawn of an intention that the acceptance of the note should operate as an absolute satisfaction and discharge of the debt.

[Opinion filed November 9, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. FREDERIC ULLMANN, for appellant.

Mr. HERVEY H. ANDERSON, for appellee.

BAILEY, J.    This was an action of assumpsit, brought by the Gates Iron Works against the Cheltenham Stone and Gravel Company, to recover a balance due upon an account for merchandise sold and delivered by the plaintiff to the defendant. The dealings between the parties commenced March 19, 1885, and ended on the 15th day of the following October, and during that period the plaintiff sold and delivered to the defendant goods amounting to $3,490.97. Payments were made by the defendant to the amount of $2,795, about which there is no dispute. Early in August, about $1,200 being due, the plaintiff's president applied to the officers of the defendant for

money, which was promised; but no money being received, he applied to them again on one or more occasions with like result, until, at his third or fourth interview, they promised to send him either a check to apply on the account, or a note on which the plaintiff could realize the money. Shortly after this the defendant sent to the plaintiff by mail a promissory note for $1,000, executed by the Cheltenham Improvement Company, payable to the plaintiff's order, dated August 10, 1885, and due ninety days after date. The Cheltenham Improvement Company was a corporation then engaged in improving the grounds and opening a summer resort at Cheltenham Beach, Cook County, while the defendant was a corporation engaged in the business of quarrying stone near the same place, both corporations having the same officers, the president of one being the vice-president of the other, and *vice versa*. The note, according to the plaintiff's evidence, was unaccompanied by any letter from the defendant, while the defendant's witnesses testify that it was inclosed with a letter requesting the plaintiff to credit it to the defendant's account. The note was received by the plaintiff's secretary and treasurer and by him, in fact, credited to said account, and monthly statements were subsequently rendered by the plaintiff to the defendant showing such credit. Prior to the maturity of the note, the Cheltenham Improvement Company became insolvent, and the note not being paid at maturity, a suit was brought by the plaintiff against that company for its collection, which suit was prosecuted to judgment and execution, but proved unavailing. The plaintiff thereupon charged the defendant with the amount of the note and brought this suit to recover said amount, together with a balance of $145.97 upon the account, which is undisputed. At the trial the plaintiff tendered to the defendant an assignment of its said judgment against the Cheltenham Improvement Company. The jury gave their verdict in favor of the plaintiff for $1,145.97, and for that sum and costs the plaintiff had judgment.

The only controversy is as to the liability of the defendant for the amount of the note, the defendant insisting that the note was taken as an absolute payment upon the account, of said

Cheltenham Stone and Gravel Co. v. Gates Iron Works.

sum of $1,000, while the plaintiff contends that such payment was conditional, that is, that it was to be an effectual payment only in case the note should be paid at maturity.

The rule universally recognized is, that the mere acceptance from a debtor of his own note or the note of a third person, in case of an antecedent indebtedness, is not a payment of such indebtedness. In the absence of a special agreement, it is considered as a conditional payment or as a collateral security. The debtor continues liable for his own debt in the event of the failure of payment of the note thus given or transferred. Thus it is said in Tobey v. Barber, 5 Johns. 68, that, "the rule is well settled that taking a note, either of the debtor or of a third person, for a pre-existing debt, is no payment, unless it is expressly agreed to take the note as payment and run the risk of its being paid." This rule is also supported by the following authorities: Hunter v. Moul, 98 Pa. St. 13; Johnson v. Weed, 9 John. 310; James v. Hackley, 16 Johns. 273; Peter v. Beverly, 10 Pet. 532; Griffeth v. Crogan, 12 Cal. 317; Brown v. Olmstead, 50 Cal. 162; Akin v. Peters, 45 Ark. 313; Jaffrey v. Cornish, 10 N. H. 505; Leahue v. Waring, 85 Pa. St. 244; McIntyre v. Kennedy, 29 Pa. St. 448.

In substantial accord with the doctrine of the foregoing cases is the decision of our own Supreme Court in Wilhelm v. Schmidt, 84 Ill. 183, where it is said: "We recognize the rule to be, that the mere acceptance, by the creditor, of a negotiable note of a third person makes it but collateral security; that when such note is given for a pre-existing debt, the presumption is, that it was not the intention of the parties that it should operate as an immediate and absolute satisfaction and discharge of the debt, and that nothing short of an actual agreement, or some evidence from which a positive inference of discharge can be made, will suffice to produce such effect; and that it is the general principle that the acceptance of collateral security has no effect whatever on the legal rights and liabilities of the parties, as respects the original debt, either to impair or suspend the right of action." See, also, Heartt v. Rhodes, 66 Ill. 351; Welsh v. Lennon, 98 Ill. 27; Stevens v. Park, 73 Ill. 387; Preston v. Jones, 3 Ill. App. 632.

In the present case there is no evidence of an express agreement that the note of the Cheltenham Improvement Company should be an absolute payment of the defendant's account to the amount of such note. Nor is there, in our opinion, any evidence from which a positive inference can be drawn, that it was the intention of the parties that the note should be an absolute satisfaction and discharge of that amount of the defendant's indebtedness. The only circumstance relied upon is the crediting of the note to the defendant's account, and the subsequent rendering to the defendant of monthly statements showing such credit. But we are unable to see that such mode of book-keeping was not as consistent with the theory of a conditional as of an absolute payment. By a conditional payment the defendant's account was reduced, for the time being, by the amount of such payment, and the credit, as shown by the books and the subsequent statements, only showed the actual condition of the account at the time those several statements were made. They were entirely consistent with the plaintiff's right to charge back to the defendant the amount of the note the instant the note was dishonored.

In Brighton v. Lally, 130 Mass. 485, a debtor, upon an open account, gave to his creditor the note of certain third parties for the amount of the debt, which note was received by the creditor and applied upon the account. The note being dishonored, suit was brought upon the account, and it was held upon appeal that the trial court properly refused to rule that placing the note to the credit of the defendant upon the plaintiff's journal and ledger, and making no other appropriation of the note, was in law a payment. So, in Tobey v. Barber, 5 Johns. 68, above cited, A, being indebted to B for two quarters' rent on a lease, gave to B the note of C for part of the rent and paid the residue in money, and thereupon B indorsed on the lease a receipt of the rent in full. Prior to the maturity of the note, C became insolvent, and for that reason the note was not paid. On suit brought for the rent, proof was admitted in explanation of the receipt, that it was given in part for the note of C, and such proof being made, it was held that the taking of the note was not an extinguish-

ment of the debt due for the rent, and a recovery for the same was accordingly sustained.

We are of the opinion that the verdict and judgment are sustained by the evidence, and the judgment will therefore be affirmed.

*Judgment affirmed.*