CHALLIS v. GERMAN NATIONAL BANK.

Opinion delivered April 16, 1892.

1.  *Unacknowledged mortgage not a lien.*

A purchaser of property subject to all valid liens acquires title superior to the lien of a prior recorded but unacknowledged mortgage.

2.  *Second mortgage not a discharge of first.*

Taking a second and unacknowledged mortgage is not a satisfaction of a prior mortgage duly acknowledged and recorded unless such was shown to have been the intention of the parties.

Appeal from Crittenden Circuit Court.

J. E. RIDDICK, Judge.

*W. L. Bailey* (of Kansas) and *W. S. McCain* for appellant.

1.  The taking of a new note and mortgage is payment of the old note and releases the old mortgage, when such is the understanding of the parties. Jones, Ch. Mortg., sec. 645; Herman, Ch. Mortg., sec. 168; 11 Ala. 775. When evidences of debt are surrendered and new security taken, this is *prima facie* evidence of the satisfaction of the old securities. 46 Mich. 29; 11 Gray (Mass.), 190; 20 Minn. 411; 145 Mass. 357; 73 Ind. 429.

2.  The second mortgage was not acknowledged, and was void against creditors and purchasers, even though they had actual notice. 9 Ark. 117; 18 *id.* 105; 22 *id.* 141; 32 *id.* 453; 35 *id*, 68; 40 *id.* 540; 33 *id.* 206; 20 *id.* 193; 41 *id.* 192. An unacknowledged mortgage, or one defectively acknowledged, has no right to record. 9 Ark. 117; 35 *id.* 57; 40 *id.* 540; 25 *id.* 158.

3.  Appellee has not brought itself within the rule that "one who purchases subject to an outstanding

mortgage is precluded from setting up its invalidity."
Boone on Mortg., ch. 11; 1 Jones on Mortg., ch. 17.
No such agreement, contract or understanding was
shown, but the contrary appears. See upon this point
31 Ark. 601; 7 *id.* 253; 72 Mass. 572; 12 N. Y. (2 Ker-
nan) 79; 9 Paige, 432; Brandt on Suretyship, sec. 284;
2 Sand. Chy. 480; 99 U. S. 119; 27 N. J. Eq. 152; 56
Iowa, 349; 94 N. Y. 370; 67 Wis. 154; Wiltsie on Mortg.,
sec. 396. The deed from Lamberson to Challis contains
a general covenant against all persons claiming under
him, and no exceptions are made in favor of this mort-
gage.

4. One who purchases from a mortgagor can set up
any valid defense against the mortgage unless he is
estopped from doing so by express agreement with his
vendor. 39 Ark. 182; 49 *id.* 83; 8 Paige, 440; 57 Wis.
594; 21 *id.* 241; 86 Ill. 513; 44 N. Y. 626; 4 Pet. 228.

*Ratcliffe & Fletcher* for appellee.

1. One who purchases subject to an outstanding
mortgage is precluded from setting up its invalidity in
the hands of its owners on any ground then existing.
13 Barb. 561; 2 Seld. 348; 9 Paige, 137; 5 Barb. 130; 3
Metc. (Mass.) 147; 40 Barb. 362; 45 Ill. 468; 129 Mass.
398; 104 Mass. 249; 121 Ill. 130; 13 N. E. Rep. 547.
The mortgage was good as against Lamberson. He
could not question its validity, and Challis is estopped
from asserting any greater right than he. 1 Jones on
Mortg., secs. 736, 738, 744; 34 Ill. App. 460; 36 *id.* 161;
104 Mass. 249.

2. Appellee does not claim the land under its mort-
gage; but if it did, it would not be precluded from show-
ing the facts by the warranty in the deed to Challis.
23 N. J. L. (2 Zab.) 680; 90 Pa. St. 78; 92 *id.* 495. The
agreement to pay off the incumbrance or take subject to
same need not be in writing. Boone on Mortg., sec. 125;
29 N. J. Eq. 520; 37 Iowa, 239.

3. The taking of the second mortgage did not have the effect to satisfy the first, unless it is clear it was so intended. 2 Jones, Mortg., sec. 925–927; Jones, Ch. Mortg. secs. 643–4; 28 Ark. 195. The proof does not show such intent. But courts of equity, where the second security fails, will keep alive the first mortgage, to protect the parties. 38 Ark. 171.

4. The bank was not a party to the writing, and hence is not precluded from contradicting it by parol evidence. 16 Ark. 512; 31 *id.* 411; 45 *id.* 449; 48 *id.* 543; 4 Pet. (U. S.) 82; 56 Ala. 222; 2 Whart. Ev. secs. 1042–3 *et seq.*; 3 Fors. (N. H.) 555; 1 Greenl. Ev., sec. 279. The bill of sale contained no warranty, and all the circumstances show none was intended. 31 Ark. 423. See also 86 Ill. 573; 55 Vt. 205; 43 Ind. 213.

BATTLE, J. George Lamberson, being indebted to the German National Bank in the sum of $2500 for money loaned, executed a deed to a trustee on the first day of February, 1889, whereby he mortgaged seventeen yoke of oxen and other personal property to secure the payment of the debt for $2500, and all other indebtedness which should be contracted by him with the bank on or before the first of January, 1890. This mortgage was duly acknowledged and recorded within sixteen days after its execution. His indebtedness to the bank having increased to the sum of $9554.48, he executed a second deed, on the 6th of December, 1889, and thereby mortgaged the property mentioned in the first deed and a saw mill plant, known as "Lamberson's mill," and all tram cars, tram tracks and personal property used in connection with the mill, to secure the payment of this indebtedness, which included the indebtedness mentioned in the first mortgage. The second deed was filed for record on the day following its execution, and was recorded, but was never acknowledged, or proved by witnesses. To foreclose these mortgages this action

was brought by the bank against Lamberson, W. L. Challis and others.

Plaintiff alleged that Lamberson, on the first day of February, 1890, sold and transferred to Challis the property which was mortgaged to secure the bank, subject to the mortgages, and with the understanding that they were valid liens on the property described therein, and that the indebtedness secured thereby should be paid before Challis could acquire a good title to the property. But Challis, in his answer, denied this, and alleged that Lamberson sold the property to him unconditionally, on the 27th of December, 1890, for the consideration of $6000; and that the first mortgage was satisfied and cancelled by the execution of the second in lieu thereof.

Upon the hearing evidence was adduced in behalf of both parties, in consideration of which the court sustained the allegations of plaintiff's complaint, rendered judgment in its favor against Lamberson for the amount of his indebtedness to the bank, and decreed that the mortgages be foreclosed ; and defendants appealed.

Under the laws of this State a mortgage is no lien on the property described in it as against any one, except the parties to it, unless it be acknowledged or proved and filed with the recorder. The second mortgage was neither acknowledged nor proved. To avoid the effect of such failure it is alleged and insisted that Challis purchased subject to it. The burden of proving this allegation rested upon the bank. To do this it adduced the testimony of Lamberson, who testified that, in selling to Challis, he took into consideration the fact that the bank held the second mortgage ; that it was not his intention in selling to defeat it or in any way to affect its collection ; and that, in selling to Challis, he only transferred all the right and title he had in the property. But he explained this by saying that he believed that the second mortgage was a valid lien on the property therein

1. Unacknowledged mortgage no lien.

described, and that Challis would pay it in order to protect his interest in the property, and that Challis took the property subject only to such claims as he should find were valid liens upon it as against him when it came into his hands as a purchaser. It does not appear that there was any understanding that he only purchased the equity of redemption, or that he would take any less interest than the law permitted him to acquire. If the mortgage was considered of any importance in the sale, it was because it was already a valid lien upon the property as against every one, and not because the parties to the sale intended to make it a lien as to Challis. The most reasonable conclusion is, Challis intended to acquire all the interest in the property purchased that the law permitted, and to recognize no lien which was not, independently of his own contract, a legal and valid lien against him. This conclusion is strengthened by the fact that, in taking a deed to the lands on which the mill and tramway were located, a covenant to warrant the title to Challis against all persons claiming under Lamberson was incorporated therein. We think that the parties imposed no limitations upon the interest in the property acquired by the purchase of Challis, except those imposed by law; and the law imposed none by virtue of the second mortgage.

2. When second no discharge of prior mortgage.
The first mortgage still remains in force, unless it has been satisfied or cancelled. The execution of the second mortgage did not operate as a satisfaction or discharge of the first, unless it was so intended or agreed by the parties. The burden of proving that it was rested on Challis. The evidence upon this point is not satisfactory. No witness testified positively that there was such an agreement. Suttler, who took the mortgage for the bank, testified: " It was not my intention to release or satisfy any claim which the bank might have against Mr. Lamberson. I was simply trying to put the secur-

ity in a little better shape." And Lamberson, who executed it, testified : "I don't know that there was much said about it. I supposed, of course, that when the new mortgage was *put on record it would satisfy the old one*, the same as the new notes satisfied the old ones." The fact is, it was an incomplete mortgage. Lamberson agreed to acknowledge it and never did. So if there was any agreement in regard to it, it never was carried into execution ; and the fairest and most reasonable inference is, the first mortgage was never satisfied or discharged. *Akin* v. *Peters*, 45 Ark. 313; *Caldwell* v. *Hall*, 49 Ark. 512.

The decree of the circuit court is, therefore, affirmed as to the judgment in favor of the bank against Lamberson and the first mortgage, and is reversed as to the second mortgage, and the cause is remanded for proceedings consistent with this opinion.