## Edgar A. Medley v. Specker Brothers & Co.

1. PAYMENT—*When the Taking of a Note is.*—The taking of a note, either of the debtor or of a third person, for a pre-existing debt, is no payment of the debt, unless it is expressly agreed that the note shall be taken as such payment, or unless the creditor parts with the note, or is guilty of *laches* in not presenting it for payment in due time.

2. PROMISSORY NOTES—*For Pre-existing Debts.*—The taking of a promissory note for a pre-existing debt in the absence of an agreement to the contrary, is considered as a conditional payment or collateral security.

3. INSTRUCTIONS—*Repetitions.*—It is not error to refuse to give an instruction where the preceding instructions given for the same party embody all that is material in the one refused.

Assumpsit, for goods sold and delivered. In the Circuit Court of Clay County; the Hon. SILAS Z. LANDES, Judge, presiding. Declaration, common counts; the pleas are stated in the opinion of the court; trial by jury; verdict and judgment for plaintiff; appeal by defendant; submitted at the August term, 1894, of this court. Affirmed. Opinion filed March 23, 1895.

HOFF & HOFF and HAGLE & SHRINER, attorneys for appellant.

B. D. MONROE, attorney for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This is a suit in assumpsit brought by appellee to recover the purchase price of a bill of merchandise averred to have been sold to defendants, Edgar A. Medley and Adam Ewing, as partners, under the firm name of E. A. Medley & Co. Defendants pleaded the general issue, and Medley pleaded a separate special plea, setting up that he was not a partner with Ewing on February 20, 1893, in respect of the cause of action in the declaration mentioned, except as to the sum of $63.22, part thereof. On the issues thus tendered the cause was tried, and a verdict for appellee was returned for $421.56 damages. Defendants' motion for a new trial and in arrest of judgment were overruled, and judgment for the sum found by the verdict and for costs was entered. Medley took this appeal, and contends that the credit was extended to the firm which succeeded E. A. Medley & Co. in the business, and not to defendants below, for the merchandise sold, and also that a note given by one Blanck to the traveling salesman of appellee on April 21, 1893, was given and accepted by appellee in settlement of the pre-existing indebtedness of E. A. Medley & Co., for said merchandise. The evidence justified the finding that said firm bought the goods from appellee, and were liable for the sum found due by the verdict. The jury was also warranted in finding the note of Blanck delivered to the salesman was not accepted by him, nor by appellee as payment or settlement of the debt sued for. It is a rule well settled and repeatedly recognized, that the taking of a note, either of the debtor, or of a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to take the note as payment and run the risk of its non-payment, or unless the creditor parts with it, or is guilty of *laches* in not presenting it for payment in due time. It is considered as a conditional payment, or collateral security. Cheltenham Stone & Gravel Co. v. Gates Iron Works, 23 Ill. App. Rep. 635; same v. same, 124 Ill. 623. The instructions for plaintiff which are complained of, announced

the law to be as held in the cases above cited, and it was not error to so instruct the jury. The refusal to give the instructions four and five on behalf of defendants, as requested, was not error. The preceding instructions given for them embodied all that was material in refused instruction four, and refused instruction five did not state the law correctly. No good reason is given for reversal, and the judgment is affirmed.