**FARMERS' STATE BANK OF ALVA v. KAVANAUGH et al.**

No. 13300—Opinion Filed March 18, 1924.

1. **Chattel Mortgages — Consent of Mortgagee to Sale Extinguishes Lien.**

A chattel mortgagee who consents to the sale of the mortgaged property by the mortgagor on condition that the proceeds be paid over by such mortgagor for application on the mortgage indebtedness thereby waives his lien when the property is sold pursuant to such agreement, and the lien of the mortgage does not attach to the proceeds of the sale in the hands of the mortgagor so as to defeat the lien of a general creditor who im-

pounds the proceeds by garnishment before they are paid over.

## 2. Same — Trustees — Funds Held by Sale Clerk Not Subject to Garnishment.

But in such a case, where a third person acts as clerk of the sale and receives the proceeds thereof for the purpose of applying same on the mortgage indebtedness. that being a condition of the mortgagee's consent to the sale, the mortgagor never having the possession or control of the funds, such clerk is a trustee of an express trust, and, since the mortgagor could not maintain an action against him for such funds except in execution of the trust, the general creditors of the mortgagor have no greater rights, and they cannot prevent the execution of the trust by garnishee process.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by Kavanaugh & Shea, a partnership, against R. L. Benton, in which Farmers' State Bank of Alva and Dimmick & Kletke, partners, each intervened. Judgment for plaintiffs, and intervener, Farmers' State Bank of Alva, appeals. Reversed, with directions.

This action was commenced January 18, 1921, by Kavanaugh & Shea filing a petition in the district court of Woods county, Okla., against R. L. Benton to recover upon a certain promissory note in the sum of $242.51, in which action a garnishee summons was issued and served upon C. O. Green, as garnishee. Thereafter the Farmers' State Bank of Alva intervened in the action claiming the funds in the hands of the garnishee by virtue of a certain chattel mortgage executed by the defendant R. L. Benton to said bank. The case was tried in the court below upon an agreed statement of facts, which agreed statement is, in substance, as follows: That on April 28, 1920, R. L Benton executed to the Farmers' State Bank of Alva his note in the sum of $4,067.86, due 105 days after date and bearing 10 per cent. interest, and at the same time executed to said bank a chattel mortgage upon certain personal property therein described to secure the payment of said note; that certain payments on said note had been made from time to time, and that on January 18, 1921, there was a balance remaining unpaid on said note of $2,-787.46, with accrued interest; that R. L. Benton was also indebted to Kavanaugh & Shea by note dated June 23, 1920, in the sum of $242.51 with interest at 10 per cent.; that on January 10, 1921, R. L. Benton advertised, both by posting and by publication, a public sale of certain goods and chattels belonging

to him, said sale to be held January 18, 1921, at his residence on the S. ½ of the S. E. ¼ of section 23, township 27 north, range 15 west, in Woods county: that said sale was held as advertised and that C. H. Ward of Alva, Okla., was auctioneer, and one C. O. Green of Alva, Okla., was clerk of said sale, and that both were paid for their services from the proceeds of said sale; that at said sale a portion of the personal property sold was property included in the mortgage of the Farmers' State Bank of Alva; that C. O. Green received the proceeds of such sale as clerk thereof; that on the same day, January 18, 1921, Kavanaugh & Shea commenced their action against R. L. Benton in the district court and served garnishee summons upon the said C. O. Green, as clerk of said sale; that said sale was held and conducted with the knowledge and consent of the Farmers' State Bank of Alva; that C. O. Green, as garnishee, duly filed his answer in which it was shown that he realized from such sale the sum of $610.38 in cash and that he held one note for $97.50, and showed to the court that claims to said funds in his hands were made by the Farmers' State Bank of Alva, by Kavanaugh & Shea, by Dimmick & Kletke, and by Amsden Lumber Company, and that he was ready to pay over the same as directed by the court: that on January 17, 1921, which was the day preceding said sale, the Farmers' State Bank of Alva served upon R. L. Benton and C. O. Green the following instrument in writing:

"You are hereby authorized to sell the property of Lee Benton at public sale for the purpose of paying the mortgage debt due the Farmers' State Bank of Alva, Oklahoma. We are and will release the mortgage on said property for that purpose only, and only on the condition that the proceeds in full from the sale of the said property are delivered to said bank. You are hereby notified that we hold a first mortgage on said property"

—that on said January 18, 1921, said Farmers' State Bank of Alva took a note from R. L. Benton for the sum of $3,584.96, and to secure the payment of said note took from him a chattel mortgage covering two-thirds of 110 acres of growing wheat, which said mortgage contained this language:

"This mortgage is given as additional security to the Farmers' State Bank of Alva on one certain chattel mortgage given by R. L. Benton, dated April 28, 1920, and filed in the county clerk's office April 29, 1920"

—that this new mortgage was filed for record January 20, 1921, and is still unreleased; that on June 24, 1921, Kavanaugh & Shea in this action obtained judgment against R. L. Benton for the sum of $255.64, with interest

from January 18, 1921, at 10 per cent., and for $50 attorney's fees, and costs.

Thereafter on February 13, 1922, the cause was submitted to the court upon the agreed statement of facts, and judgment was rendered by the court in favor of Kavanaugh & Shea for the amount of their judgment, interest, and costs, and denying the claim of the Farmers' State Bank of Alva to said funds in the hands of C. O. Green, garn'shee. From the judgment so rendered the intervener, Farmers' State Bank of Alva, prosecutes this proceeding in error by petition in error with case-made attached. The Farmers' State Bank of Alva and Kavanaugh & Shea are the only parties to the record to make appearance and file briefs in this court, so the case will be considered as if they were the only parties to the litigation, and they will be hereafter referred to as plaintiffs and intervener, respectively, as they appeared in the trial court.

A. J. Stevens, R. M. Chase, and C. E. White, for plaintiff in error.

W. L. Houts, for defendants in error.

Opinion by LOGSDON, C. Upon this appeal the only proposition urged by the plaintiff in error is that the trial court erred in rendering judgment in favor of Kavanaugh & Shea and against the plaintiff in error on the agreed statement of facts. It is the contention of intervener that the lien of its mortgage extended to and embraced the proceeds of the sale in the hands of C. O. Green, clerk of the sale, and that the same were not subject to garnishment.

This contention is not tenable under the general rule stated in the case of Carr v. Brawley, 34 Okla. 500, 125 Pac. 1131, and the authorities there cited. This is the language there used:

"The lien of the mortgage does not follow the proceeds of a sale of the mortgaged property, where the mortgagee consented to the sale."

Authorities there cited support that statement. Maier v. Freeman (Cal.) 44 Pac. 357; White Mountain Bank v. West, 46 Me. 15; Waters v. Bank (Iowa) 21 N. W. 582. Neither can the contention be sustained upon the theory that the mortgagor was the agent of the mortgagee in the sale of the mortgaged property, and that the possession of the proceeds by the mortgagor was the possession of the mortgagee, for the reason that the instant the sale is made with the mortgagee's consent this lien ceases to exist. Partridge v. Minn. D. & E. Co. (Minn.) 78 N. W. 85; New England M. S. Co. v. Great W. E.

Co. (N. D.) 71 N. W. 130; Muse v. Lehman (Kan.) 1 Pac. 904.

Under the agreed statement of facts in this case no fraud was intended to be perpetrated on anyone in the sale as advertised and held. It is affirmatively shown that a portion of the property sold was covered by the mortgage of intervener. And that some of it was not so covered. It also appears that the sale was not conducted by the mortgagor, but by a clerk of the sale, and that the proceeds have never been in the hands of the mortgagor nor under his control. It appears to have been agreed between the mortgagor and mortgagee that the sale was to be so conducted, because on the day preceding the sale the mortgagee served a written notice on said clerk, naming him, expressly stating the conditions on which it agreed to relinquish its lien.

These facts and circumstances seem amply sufficient to constitute the clerk of the sale a trustee of the proceeds of the mortgaged property sold. Hoyt v. Slemans (Iowa) 149 N. W. 442; Minneapolis Thresh. Mach. Co. v. Calhoun (S. D.) 159 N. W. 127. Since the trustee is not liable to the mortgagor for any of the trust funds applied by him in conformity with his trust, it must follow that the performance of his trust cannot be defeated by creditors of the mortgagor through garnishee process. The rights of the creditors against the trustee are no greater than those of their judgment debtor. This is elementary. Where a sale is made upon an agreement or understanding that the proceeds from the mortgaged property sold shall be applied on the mortgage debt, such proceeds are not subject to the claims of creditors unless they are received by the mortgagor. Bergman v. Guthrie (Iowa) 56 N. W. 502; McIntyre v. Hauser (Cal.) 63 Pac. 69.

Having reached this conclusion, it will be necessary to reverse this cause for further proceedings because a part of the funds held by the garnishee are proceeds of property not covered by the mortgage of the intervener. These funds are subject to the claims of plaintiffs under the garnishment, and the amount so subject should be determined.

For the reasons herein stated the judgment of the trial court should be reversed with directions to vacate the judgment heretofore rendered and for further proceedings in conformity with the views herein expressed.

By the Court: It is so ordered.