C. F. MEDARIS CO. *v.* DEERFIELD STATE BANK.

CHATTEL MORTGAGES—LIENS—BROOD SOWS—INCREASE—RENEWAL MORTGAGE.

Lien of chattel mortgage, dated December 3, 1930, covering brood sows, their increase and other personalty, *held,* not continued as to 60 spring (1931) pigs by renewal mortgage for lesser sum, dated December 3, 1931, where first note and mortgage were surrendered to mortgagor and spring pigs and some other personalty were not specifically mentioned in second mortgage; therefore, proceeds of sale of spring pigs is property of holder of intermediate chattel mortgage specifically covering them.

WIEST and BUTZEL, JJ., dissenting.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted October 10, 1933. (Docket No. 106, Calendar No. 37,009.) Decided December 29, 1933. Rehearing denied January 30, 1934.

·Action by C. F. Medaris Company, an Ohio corporation, against Deerfield State Bank for conversion of proceeds of sale of chattel mortgaged property. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Wood & Williams,* for plaintiff.

*Riley & Riley,* for defendant.

WEADOCK, J. Plaintiff brought suit against defendant for the sum of $444, the proceeds of the sale of 60 young pigs which had been raised by Adolph Opel, upon which it held a mortgage. The sale of the pigs was consented to by the mortgagee and made by the mortgagor for the sum of $444, which he took to the defendant bank, with the request that it be forwarded to the plaintiff. The bank kept the money, under the claim that it was covered by its mortgage, refused to forward the money to plaintiff or refund the money to Opel and plaintiff brought suit. The case was tried by the court without a jury and a judgment was rendered for defendant. Plaintiff appealed by leave of this court.

Adolph and Julia Opel had given a chattel mortgage on December 3, 1930, to the Deerfield State Bank of Deerfield, Michigan, in the sum of $1,200, with interest at 7 per cent, covering 5 cows (2 Guernsey, 3 Holstein), 7 brood sows, 5 head of horses (1 team grey mares, 10 years old, one roan colt, two years old, one roan horse colt, yearling, one

sucking colt), one Dodge victory six sedan, all of said property being situated on their farm in Deerfield township, Lenawee county, Michigan.

This mortgage was filed in the proper township clerk's office on December 4, 1930, at 8:30 o'clock a. m. and is exhibit A, page 12 in the record. On July 31, 1931, Adolph and Julia Opel made a chattel mortgage to the plaintiff to secure a debt of $784.66, on the following property,—7 brood sows, 60 spring pigs, 20 acres growing barley, 52 acres growing oats, 60 acres growing corn, 10 acres growing beets, 30 acres growing alfalfa, all of which property was situated on their farm in Deerfield township.

On December 23, 1931, Opel sold the 60 spring pigs for the sum of $444, which he was authorized to do by plaintiff, which money he took to the Deerfield bank with the request that it be forwarded to the C. F. Medaris Company as a payment on his debt. The bank refused to transmit the money to the Medaris Company and kept it and applied it on their own debt and the plaintiff brought suit for the $444.

The mortgage to the Deerfield Bank, marked exhibit A on page 12 of the record, was dated December 3, 1930, made by Adolph and Julia Opel for the sum of $1,200 and the property described was 5 cows (2 Guernsey, 3 Holstein), 7 brood sows, 5 head of horses (1 team grey mares, 10 years old, 1 roan colt, 2 years old, 1 roan horse colt, yearling, 1 sucking colt), 1 Dodge victory six sedan, all of said property being located at the farm of Adolph Opel in the township of Deerfield.

This mortgage was filed on the 4th day of December, 1930, at 8:30 a. m., and was not renewed within the 30 days prior to the expiration of the year, but a new mortgage was given by the same parties to

the Deerfield bank on the same property as in the first mortgage for the sum of $960.97. It did not mention the spring pigs and it was filed on the 4th day of December, 1931. On the execution and delivery of the mortgage of December 3, 1931, the former note and chattel mortgage of December 3, 1930, were returned to Mr. Opel. Judgment was rendered for defendant on October 18, 1932, and a motion for a new trial was denied.

The notation that this chattel mortgage is a renewal of the chattel mortgage filed with the clerk on December 4, 1931, was not signed by any person, and no mention is made of the 60 pigs in the so-called renewal mortgage, although they were born several months prior to December 4, 1931.

The mortgage to the bank not having been renewed by a renewal affidavit filed within 30 days before the end of the year, and the pigs sold not being increase under the second mortgage, the sale of the 60 spring pigs was legal, and the bank had no right to refuse to forward the money to plaintiff or to apply it on its debt. If it refused to forward the money it should have returned it to Opel. Besides that, its debt had been reduced from $1,200 to $960.97, and it apparently had ample security, as its mortgage was still good as against the mortgagors.

The judgment for defendant is reversed, with costs of both courts, and the case is remanded to Lenawee circuit court with directions to enter judgment for plaintiff.

POTTER and SHARPE, JJ., concurred with WEADOCK, J.

FEAD, J. I agree with Mr. Justice WEADOCK that the judgment should be reversed, with costs and cause remanded for judgment for plaintiff.

The fact that the first note and mortgage to defendant were surrendered to the mortgagor; that the second mortgage to defendant omitted property covered by the first and was for a lesser amount; and that the oral testimony indicated no intention to the contrary, demonstrate that the parties intended, if at all, that the lien of the first mortgage should be continued by the second only as to property included therein. The pigs at bar were not included and the first mortgage was discharged as to them.

MCDONALD, C. J., and POTTER, SHARPE, and NORTH, JJ., concurred with FEAD, J.

BUTZEL, J. (*dissenting*). I do not agree with the conclusions reached by Mr. Justice WEADOCK. The record, containing only four pages of testimony, is so bare that we must rely largely upon an examination of the exhibits. The mortgage to defendant took precedence over that given to plaintiff. Defendant's mortgage was filed on December 4, 1930, and, within the year provided by statute for the renewal of chattel mortgages, a second indenture was filed on December 4, 1931. *Griffin* v. *Forrest,* 49 Mich. 309. Even if the renewal had been tardy, plaintiff would not be in a position to claim rights as a subsequent purchaser in good faith, as provided in 3 Comp. Laws 1929, § 13427. Defendant's mortgage of December 3, 1930, was on file and in full force on July 30, 1931, the date on which plaintiff received his chattel mortgage. Defendant's mortgage covered the seven brood sows and their increase, and plaintiff had or should have had knowledge of the recorded instrument when it took a mortgage covering the same property. *Wade* v. *Strachan,* 71 Mich. 459.

Plaintiff claims, however, that the method adopted by defendant in extending the time of payment of the balance of the money due from Opel and in re-incumbering the property described in the initial mortgage, enabled his mortgage to become a lien superior to that of the defendant. Plaintiff claims that the mortgage given to defendant on December 3, 1931, and filed the following day, was not a renewal of the prior mortgage given to defendant, but that the earlier mortgage was discharged. After trying the case without a jury, the lower court held that the last mortgage was merely a renewal or continuation and not a discharge of the original mortgage.

The burden of proof is on plaintiff to show that the intent was to discharge the prior mortgage. *Cameron* v. *Carson* (Tex. Civ. App.), 249 S. W. 526; *Challis* v. *German National Bank,* 56 Ark. 88 (19 S. W. 115). Our attention has not been directed to any case in this State decided squarely upon these facts. The cases of *Brown* v. *Dunckel,* 46 Mich. 29; *Kramer* v. *Gustin,* 53 Mich. 291, are helpful but not by any means decisive. In *Brown* v. *Dunckel, supra,* the original note was returned to the mortgagor but not the original mortgage. The court upheld an instruction that this circumstance was not decisive as to discharge as a matter of law but was to be considered by the jury in connection with all other facts in the case in determining whether it was the intention of the parties to discharge the first mortgage.

The question largely resolves itself into what was the intent of defendant and Opel when the later mortgage was given. The mortgage was for a lesser amount and it will be noted that the Dodge six sedan was not included in the new instrument. Solely in

this respect did the description of the security differ from that contained in the mortgage filed December 4, 1930. The record does not reveal the value of the Dodge car nor the reasons for its omission. The close correspondence of the two descriptions is quite indicative of an intention to renew on the same security, with the exception of the car. It is apparent that the description was copied from the previous mortgage. Although a year had elapsed between the delivery of the two instruments, in the later instrument the grey mares are again described as "10 years old," the roan colt as "2 years old," the roan as a "yearling" and another colt as "sucking." If the second indenture is regarded as a renewal of the first mortgage, the increase of the brood sows *in esse* at the time of its original execution must be regarded incumbered by it. These young pigs were almost ready for the market on December 3, 1931.

It is true that the first combined note and mortgage was surrendered to Opel after the second was executed. It is also conceded that the typewritten statement on the mortgage, to the effect that it was a renewal of the former mortgage, was no part of the body of the instrument preceding Opel's signature. On the other hand, there is positive testimony by the assistant cashier of defendant bank that there was no intention to release the lien of the first mortgage but that, on the contrary, it was to continue as an incumbrance on the property. There was no testimony whatsoever given on behalf of plaintiff as to a contrary intent. Under the circumstances, we cannot say that the judgment in favor of the defendant was against the preponderance of the evidence.

The trial judge also called attention to the fact that, when plaintiff permitted Opel to sell the pigs, it operated as a release of the lien as to the property sold. There is much authority sustaining such a holding. See *Maier* v. *Freeman,* 112 Cal. 8 (44 Pac. 357, 53 Am. St. Rep. 151); *Caroline State Bank* v. *Andrews,* 204 Wis. 393 (235 N. W. 794); *Farmers' State Bank* v. *Kavanaugh & Shea,* 98 Okla. 119 (224 Pac. 525). As the trial judge found that it was unnecessary to base his decision on this point, we need not discuss it.

The judgment should be affirmed, with costs to defendant.

WIEST, J., concurred with BUTZEL, J.