## Henry Miller *vs.* Charles Darling.

### November 23, 1875

**Irrelevant Testimony Excluded.**—Certain testimony offered by defendant *held* to have been properly excluded as irrelevant and inconsistent with his answer.

**Part Owner of Chattel may bring Replevin against a Stranger.**—In the absence, at any rate, of a proper objection by answer or demurrer, an owner of personal property in common with others may, without joining his co-owner, maintain an action of claim and delivery to recover possession of the common property from a stranger having no right to the possession of the same or of any part thereof.

Appeal by defendant from a judgment of the district court for Dodge county, where the action was tried before *Lord*, J., and a jury.

*A. La Due, Gordon E. Cole*, and *Chas. M. Start*, for appellant.

*C. H. Berry* and *Lloyd Barber*, for respondent.

Berry, J.[1] This is an action of claim and delivery, in which the plaintiff, claiming to be owner of a large quantity of wheat stored in the warehouse of Joseph Henderson, seeks to recover possession of the same, which is alleged to be wrongfully detained by the defendant. In his answer defendant alleges that he took possession of and holds the wheat as agent of C. & D. S. Hardin, and that at the time when he took it said Henderson was " the owner " thereof, " subject to the claims of C. & D. S. Hardin," arising out of the state of facts following, to wit, " that on or about the 11th day of September, 1873, the said Henderson, having in said warehouse about one thousand bushels of wheat, made an arrangement and agreement with the said C. & D. S. Hardin, by which they agreed to furnish him money to purchase wheat, and the wheat so to be purchased was not to be sold or shipped by the said Henderson without their consent; and that under and by virtue of this arrangement,

[1] Gilfillan, C. J., did not sit in this case.

and in consideration thereof, they furnished him money amounting to the sum of about twenty-five hundred dollars, which he invested in wheat; and that all the wheat in said warehouse was purchased under that arrangement, except the thousand bushels hereinbefore mentioned."

Upon these allegations of the answer defendant offered to prove that there was an arrangement between C. Hardin & Son and Henderson by which the former were to make advances to the latter " to buy wheat, retaining a lien on all wheat so purchased to reimburse them for such advances, and that all wheat so purchased was to be considered the property of Hardin & Son until reimbursed for such advances, to be followed by proof that the wheat in controversy was purchased pursuant to such arrangement, and that Hardin & Son had not been reimbursed." Defendant further offered to show that, at the time when plaintiff claimed to have acquired title to the wheat by purchase from Henderson, " C. Hardin & Son held said wheat under and by virtue of a pledge of the same by Henderson to secure them for advances made by them thereon, which advances have never been paid, and that the wheat in controversy was paid for by Hardin & Son." The plaintiff objected to the testimony, and it was properly excluded for irrelevancy and inconsistency with the answer. The answer does not set up any property in the wheat on the part of the Hardins, either as owners, pledgees, or lien-holders, but sets up Henderson's ownership of the wheat, and his purchase of the same under an arrangement by which the Hardins were to have, not a property in the wheat purchased, but a right of action against Henderson for selling or shipping it without their consent.

The testimony in the case clearly established one of two states of facts, viz.: either that the plaintiff was the several owner of all the wheat in controversy, or that, in consequence of the mingling of his wheat with that of other parties, he had become an owner in common with them of the

mass, ( *Cushing* v. *Breed,* 14 Allen, 376,) and there was no testimony in the case tending to show that defendant had any right to the possession of any part of the wheat. If the plaintiff was several owner of the wheat, no question of the effect of mingling the same with other wheat was presented by the case. On the other hand, if he was an owner in common, he was entitled to the possession of the whole mass owned in common, as against a stranger, like the defendant, having no right to the possession of the same or of any part thereof. Schouler on Pers. Prop. 197. As against such stranger—at any rate, in the absence of any proper objection, by answer or demurrer, to the fact that his co-owners are not joined as co-plaintiffs—such owner in common may maintain an action of claim and delivery to recover possession of the whole quantity owned in common, and taken or detained by such stranger. Gen. St. ch. 66, §§ 74, 77, 78 ; *Wright* v. *Bennett,* 3 Barb. 451 ; *Russell* v. *Allen,* 13 N. Y. 173 ; and see Schouler on Pers. Prop. 198 ; *White* v. *Brooks,* 43 N. H. 402.

The application of these views to the case at bar renders it unnecessary to consider in detail the defendant's exceptions to the instructions given by the court, and to the refusals to instruct in accordance with defendant's requests.

Judgment affirmed.