Hudson J.
This action is brought by the plaintiff, a private corporation, to recover' of the defendants for the conversion ■ of a quantity of wheat. The plaintiff claims title to the property by virtue"of a chattel mortgage, executed to it by one Wheeler, who, while the mortgage was in full force, surreptitiously, as is alleged, *151 gold and delivered the wheat to defendants, which was put into ■ their warehouse, mixed with other wheat and sold in the ordinary course of business, they not having any actual knowledge of the claim of the plaintiff to the wheat. A demand of the same was made upon the defendants, which was refused.
There seems to be but one question raised in this contention — • namely, whether the description of the property in the mortgage was not too uncertain and indefinite, in that, it did not point out-the subject matter of it so that a third person, by its aid, together with such inquiry as the instrument itself suggested, could identify the property. The description in the mortgage is as follows:
£í An undivided two-thirds interest, the same being the entire ££ interest of said ¥m. H. Wheeler, in and to sixty acres of wheat ££ now in and growing on the northeast ^ of. section 32, in town-£C ship 141, north of range 51 west of the 5th P. M.”
The mortgage also covered other property, is in the usual form, and was filed with the register of deeds, as provided by law. By section 1745 of the Civil Code, the filing of a mortgage of personal property in conformity to law, operates as notice thereof to all subsequent purchasers, etc. It is very clear that the defendants purchased this property with this constructive notice, unless the description contained in the mortgage was too indefinite to enable them to identify it by inquiry and by the terms therein employed. By this description it appears that this crop of wheat was growing on land so particularly described that had it been a deed of the land it certainly could be identified. It was as definite as descriptions of real estate are usually made. Then if the land could be identified, could any particular sixty acres of wheat in the possession of W. II. Wheeler, growing upon this quarter section and in which he had an interest, be identified .by inquiry? We can hardly see how a description of this, property could be more definite, Had. this been an absolute sale, it need not have been more s'o, to pass the title. Had the property been levied upon by exe- *152 eution, the return of the officer and his [advertisement of sale by such description must have been held sufficient. In Potts v. Newell, 22d Minn., 563, property was described in a chattel mortgage as “ All the right, title and interest of the said Lewis “ Gauthier, in and to that certain crop of wheat, raised upon the tc land of the said Gauthier, situated in the town of Egan, county “ of Dakota and State of Minnesota, b'y one Robert O’Neil, “ during the year of 1875.” It appeared that-the crop had been cut and was- in stack at the time t]ie mortgage was executed, and that the interest of the mortgagor was one-third, which had been set apart. ' This one-third interest having been seized by virtue of an execution against the goods of the mortgagor, it was held that the title passed to the mortgagee under the mortgage, and the" levy Under .the execution could not be sustained. We cannot see that" the description of the property in that case was any more definite than .the one at bar.
The learned .counsel lays stress upon the fact that in the case of Potts v. Newell, the. interest of the mortgagor was set apart. This circumstance was important in that case, for the reason that the mortgage did not s.taté what was the extent of the interest. The setting apart defined it as one-third, and on setting apart the title vested. ' But in the case at bar the mortgage does "state the interest to .be two-thirds and the entire interest of the mortgagor. It is said'in one case .that a description like this, “ My entire crop “ of cotton and corn of present year,” is sufficiently definite. Had it been two-thirds of my entire crop, etc., would it not have been equally definite? We think it would. It being a fractional part, the amount of the whole being given, cannot render it too uncertain.
ít is impossible to describe personal property so well as to preclude tlie necessity of parol evidence to identify it. Thus, in case of a mortgage of a pile of wood upon a certain lot of land, upon *153 which there are also other piles of wood, resort may be had to extrinsic evidence to determine which pile was intended: Sargeant v. Solberg, 22 Wis., 132. Parol evidence in these and like cases serves to apply the description to the subject matter intended to be embraced in it, and is admissible for that purpose: Dodge v. Potter, 18 Barb., (N. Y.,) 193.
It is said that the defendants in this case could not tell when the wheat was offered for sale, whether the same was covered by mortgage or not. That is very true; nor could they tell whether the persons offering it had any title to it or not. From anything that there appeared, it might have been stolen property; and in the latter.case the real owner, on proof of its conversion, could recover for his property so converted. This risk is taken by all persons purchasing such property of a stranger; and is it a greater hardship when the legal title is held under a chattel mortgage? The law has afforded some protection in the latter case by providing for the filing of the instrument, or a copy, where all persons may-have an opportunity to inspect it, whereas in the former no such .protection is afforded. The mortgagor’s possession of the property is jprima faeie evidence of ownership. So is that of a thief. Such hazards cannot well be avoided.
It is claimed that such a risk as is taken under the chattel mortgage law is against public policy as being in restraint of trade. This is but one side of the question. Upon the other side it may be said that business transactions would be greatly embarrassed and retarded if personal property could not be encumbered in the hands of the owner, to aid the man of limited means. It is that by which many a poor man has become prosperous, and the man of money secured his just dues, and both mutually benefitted.
In this case the defendants have suffered from the dishonesty *154 of a rogue. All business men are liable to suffer from disboneat men, and not oftener in transactions of this kind than others.
The judgment of the District Court is
Affirmed.
All the Judges concurring.