FRANZ O. MELIN *vs.* JOSEPH W. REYNOLDS and others.

April 19, 1884.

**Chattel Mortgage—Description—Growing Crop.**—"One-half of all the crop growing" on certain described lands, means one undivided half of such crop, and as a description (in a chattel mortgage) of the property mortgaged, is sufficiently definite.

**Part-owner of Chattel — Right of Possession.**— *Miller* v. *Darling*, 22 Minn. 303, followed as to the right of a tenant in common of personal property to the possession of the whole, or any part thereof, as against a stranger to such property.

Plaintiff brought this action in the district court for Stevens county, to recover the value of certain wheat and oats taken and carried away by defendants from the farm of one Dahlso, and by them converted to their own use. The complaint alleges that the grain had been raised on Dahlso's farm; that by a chattel mortgage duly filed, which is set out in full in the complaint, Dahlso had mortgaged to plaintiff "one-half of all the crop now growing on the south half of the northeast quarter and lot 1 of section 18, town 127 north, of range 43 west, all the said property being now in the possession of the said first party (Dahlso) in the town of Marsville, county of Grant, and state of Minnesota;" that default having been made, the plaintiff, by virtue of a power in the mortgage, had taken and was in possession of the mortgaged crop (which had been harvested and threshed) at the time of the trespass complained of. A demurrer to the complaint as not stating a cause of action was stricken out as frivolous, and judgment ordered for plaintiff by *Brown*, J., and the defendants appealed.

*J. W. Reynolds*, for appellants.

*L. C. Spooner* and *C. M. Stevens*, for respondent.

BERRY, J.[1]   "One-half of all the crop growing" on certain described lands means one undivided half of such crop, and, as a description (in a chattel mortgage) of the property mortgaged, is sufficiently definite. The plaintiff, as mortgagee, after condition broken, of an un-

[1] Dickinson, J., because of illness, took no part in this decision.

divided half of the crop, was a tenant in common of the whole with the owner of the other half, and therefore entitled to the possession of the whole, or of any part of it, as against mere strangers like defendants, not appearing to have any right or interest in or to any part of such crop. To them it is of no consequence who owns the other undivided half, or whether the mortgage was made in good faith or not. *Miller* v. *Darling*, 22 Minn. 303.

The defendants' objections to the complaint, and the demurrer in support of which they were interposed, were clearly frivolous, and on that ground the demurrer was properly stricken out.

Order affirmed.

