STATE v. W. E. LOGAN.

*Chattel Mortgage; description' of property in—*§ 1089, *of The Code; buying mortgaged Chattels.*

A mortgage described the property thereby conveyed, as follows: "My tobacco crop, to be grown this year on my own land, and to contain eight acres, including one third in the crop of G, to contain not less than three acres, and my one third interest in J's crop, not less than two acres, all on my own land to be grown this year." The mortgage was dated May, 1885; *Held,* that the description was sufficient to convey all the crop of tobacco cultivated by the mortgagor in 1885, on lands for which he held a bond for title, and which he claimed as his own, and also all the rents which would come to him from his tenants G and J; and one purchasing the tobacco made on mortgagor's land by himself, or that made by said G and J, and paid to the mortgagor as rent, in violation of § 1089, of *The Code,* was properly convicted under said section.

INDICTMENT under § 1089, *The Code,* tried at the January Term, 1888, of the Inferior Court of BUNCOMBE County, and affirmed, upon appeal, by *MacRae, J.,* at March Term, 1888, of Buncombe Superior Court.

The defendant is indicted for a violation of the statute (*The Code,* § 1089). It is charged in the indictment, that he purchased from James A. Revis, mortgagor, five hundred pounds of tobacco embraced by a chattel mortgage, executed by the latter to T. S. Morrison, to secure a debt therein specified; that he so purchased the tobacco with a knowledge of the lien created upon it, and with a view to hinder, delay and defeat the rights of the mortgagee, &c.

The property in question is described in the mortgage as follows: " Also my tobacco crop to be grown this year on my own land, and to contain eight acres, including one third in the crop of T. J. Gentry, to contain not less than three acres, and my one third interest in G. W. Jones' crop, not less than two acres, all on my own land, to be grown this year."

On the trial the defendant contended, as appears from the case settled on appeal, "that the chattel mortgage was void on account of the vagueness of the description of the land on which the tobacco was to be grown. The Court held the description sufficient, and the defendant excepted. The defendant contends that the description of the land, upon which the tobacco was to be grown, was so uncertain as to avoid the attempted conveyance or assignment of the tobacco. However this may be, as to the land, the Court is of the opinion that the interest of the mortgagor in the crop of his tenant is described with sufficient clearness, to open the door for parol proof, by which it may be rendered certain."

On the trial the mortgagor testified, " that he held a bond for a title to the tract of land, but that he had no deed for it; that he lived on the land, and that it lies near Morgan Hill, in Buncombe County; that he lived on the land when the mortgage was made, and was cultivating the tobacco referred to in the mortgage, and that he sold the tobacco, after cutting and curing it, to the defendant; that all the tobacco sold by him to the defendant was grown on the land during the year referred to in the mortgage; that the said T. J. Gentry and G. W. Jones, whose names are mentioned in the mortgage, were tenants of his, living on and cultivating a part of said land during the year said crop was made; that he sold all of the tobacco raised by him and his tenants that year to the defendant " &c.

There was a verdict of guilty, and judgment against the defendant, from which he appealed to the Superior Court of Buncombe County, and the judgment of the Inferior Court being affirmed, he appealed to this Court.

*The Attorney General*, for the State.
*Mr. E. C. Smith*, for the defendant.

MERRIMON, J., (after stating the facts). The purpose of

the description of property in a deed, or other instrument of conveyance, is to designate and point out the particular property intended to be conveyed as distinct from other property, and particularly from other property of the same and like kind, so that it may be identified, when need be, by proper evidence. It is essential that the deed itself shall, in terms or effect, so designate the property intended to be embraced by it, else it will be void for uncertainty as a conveyance, although in some cases it might be sufficient as an agreement to convey. The deed, as such, can ordinarily operate only on separate and distinct things.

The description is sufficient when it in terms, or by reasonable implication arising from the facts stated in respect to its circumstances, relations and connections, designates the property, so that it can be certainly seen or ascertained. Moreover, such just interpretation must be given to the description as will effectuate the intention of the parties, if this can be done consistently with the rules of law.

Now, applying what we have said, we think the description of the tobacco in question in the deed mentioned was sufficient. It was designated as " *my tobacco crop,* to be grown *this year on my own land ;*" that is, *all the* tobacco crop to be grown by the mortgagor on the land he cultivated and claimed as his own that year. The land and the crop were further designated by the further reference to " my (his) land," part of which he had leased to his tenants, Gentry and Jones, the same year, " all on my (his) own lands."

Although the mortgagor had but a bond for title to the land, he was not a mere lessee of some other person ; from the nature of the matter, and the manner of reference to it, he treated and claimed it as his own, and that was sufficient to designate " my (his) tobacco crop."

The deed of mortgage upon its face plainly, in effect, as it seems to us, designates the mortgagor's crop of tobacco to be grown by him, during the year specified, on the land claimed

by him as his own, part of which he leased to the tenants named, and also the rents that would come to him from them, as the property conveyed. The mention of the number of acres to be cultivated, was a mere stipulation that the crop would probably be quite as much as contemplated by the parties, and so as to the rents; but whatever the crop and rents might turn out to be, the *whole* was certainly described as the property—the tobacco sold, and conveyed.

The Attorney General cited *Woodlief* v. *Harris*, 95 N. C., 211; *State* v. *Garris*, 98 N. C., 733, as strictly in point; and so they are.

There is no error.

Affirmed.