CHAFFEE BROS. COMPANY, a Corporation, v. POWERS ELEVATOR COMPANY, a Corporation.

(157 N. W. 689.)

Conversion of grain — chattel mortgage — action for — mortgagee — prima facie case — mortgagor — interest in property — subject of mortgage — filing — grain — sold to defendant — identification of grain — lease — tenant.

A plaintiff makes out a prima facie case in an action for the conversion of grain upon which it holds a chattel mortgage, by showing that its mortgage covers the half interest of the mortgagor in grain grown upon a certain tract

of land, that the mortgage was on record, and that all of the grain raised on said land was sold to the elevator company by the tenant and mortgagor, that it was raised on said land by the mortgagor, and that said mortgagor was farming and in possession of the premises, and this without actually introducing in evidence the lease, if any, under which the tenant held.

Opinion filed April 3, 1916.

Action for the conversion of grain.

Appeal from the District Court of Foster County, *Coffey*, J. Judgment for defendant. Plaintiff appeals.

Reversed.

*T. F. McCue*, for appellant.

The actual evidence, together with the evidence embraced within appellant's offer of proof, which was erroneously disallowed, a prima facie case showing conversion was made. Such showing was in no manner controverted, and it was error for the court to direct a verdict. Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 25 N. D. 136, 141 N. W. 204; Zink v. Lahart, 16 N. D. 56, 110 N. W. 931; Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 Ann. Cas. 960; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454; Rodoni v. Lytle, 13 Mont. 123, 32 Pac. 491.

To prove ownership, all that need be shown is possession of and dominion over the property. This ownership may be general or special. Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313; Rev. Codes 1905, § 6183, Comp. Laws 1913, § 6759.

The proper filing of a chattel mortgage operates as notice thereof to all subsequent purchasers and encumbrancers of the property described in the mortgage. Under the ruling of the trial court, whenever a chattel mortgage is taken from a tenant, on growing crops, the title by which he holds the same would also have to be filed. Beal v. Blair, 33 Iowa, 323; 32 Cyc. 393; Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551; Ellestad v. Northwestern Elevator Co. 6 N. D. 88, 69 N. W. 44.

The mortgagor's possession of property is prima facie evidence of ownership. Nichols, S. & Co. v. Barnes, 3 Dak. 148, 14 N. W. 111.

*S. E. Ellsworth*, for respondent.

Trover cannot be maintained by one who has neither title nor right of possession. Plaintiff must have a property right, general or special,

in the chattel converted, or was in possession thereof; or had the right to immediate possession, and must prove this as a fact.   38 Cyc. 2044.

The evidence utterly fails to establish any such condition, and plaintiff's offer of evidence was clearly objectionable, as hearsay, not the best evidence and incompetent, because it had been disclosed during the trial that a lease existed; that it was there within reach of plaintiff and he failed to use it.   Short v. Northern P. Elevator Co. 1 N. D. 163, 45 N. W. 706; Balding v. Andrews, 12 N. D. 267, 96 N. W. 305, 14 Am. Neg. Rep. 615.

Bruce, J.   This is an action brought by a  chattel mortgagee for the conversion of certain grain by the defendant elevator company which was sold to it by one Fred Klemstein.   The only question to be decided is whether the plaintiff made out a prima facie case, or, in other words, whether the plaintiff made prima facie proof of a mortgageable interest in the said Fred Klemstein; it being remembered that neither the said Fred Klemstein, the tenant, nor one Cummings, who appears to have been the owner of the land, were made parties to the proceeding.   The plaintiff alleges in its complaint that on the 9th day of September, 1912, the said Klemstein gave to it his promissory note and the mortgage upon his undivided one-half interest in the crop to be grown during 1913 upon a certain quarter section of land, and that Klemstein raised on this land about 800 bushels of wheat which, with notice of the plaintiff's mortgage, defendant unlawfully seized and converted to its own use.

The answer denies the allegations of the complaint in all of its particulars.

Upon the trial of the action the only witness called by plaintiff was one Hansch, who was acting as secretary, treasurer, and manager of the plaintiff corporation.   He testified that he knew Fred Klemstein, and that Klemstein had executed and delivered to plaintiff the chattel mortgage mentioned and upon the grain described in the complaint. The mortgage then having been introduced in evidence, Hansch testified that he was acquainted with the land described, that during the year 1913 Klemstein farmed the entire section; that in the fall of 1913 the witness knew that Klemstein raised wheat on the southwest quarter of the section; that the said Klemstein was a renter from Cum-

mings, and that he had farmed the land the year before as a tenant of Cummings, and that he knew the number of bushels of wheat that had been delivered to the defendant elevator company, he being present in the defendant's elevator at the time, and that the number was about 840 bushels. It then appears that counsel for plaintiff asked counsel for defendant if he had in his possession a lease between Klemstein and Cummings, and that counsel for defendant stated that neither he nor his client had such an instrument in his possession, but that he had a copy of such a lease. Counsel for plaintiff then demanded the production of this copy, but the production was refused; counsel for defendant maintaining that such demand was made purely for the purpose of laying a foundation for secondary evidence, and an objection on this score was sustained.

The following colloquy then took place:

Mr. McCue: Do you know of your own knowledge Mr. Hansch, what interest Klemstein had in this grain?

Mr. Ellsworth: Objected to as being immaterial, incompetent, irrelevant; no foundation laid for the introduction of such testimony; the witness not having shown his means of knowledge or whether he is qualified to answer concerning the relationship of these parties or the interest of Mr. Klemstein in the grain.

The Court: I will sustain the objection.

Mr. McCue: I will ask Mr. Ellsworth if he has in his possession a lease or a copy thereof, that was in existence between Fred Klemstein and Mr. Cummings, the owner of the land described by this witness, for the year 1913, and if he has, I demand that he produce it.

Mr. Ellsworth: I don't understand that any such demand is proper to be made on counsel, if it was of my client, who is a party to the action, if material evidence is in his possession, there might be a material reason for making that demand.

Mr. McCue: Let me preface my request, by saying: If there is written evidence of this fact, which I have reason to believe there is, that it is in the possession and under the control of the defendant in this action; I also believe that the counsel for the defendant has it in his possession in this court, the instrument referred to.

Mr. Ellsworth: Well, in order to shorten the matter, your Honor, I will say to the court, I do not have in my possession such an instru-

ment, and my client does not have in its possession such an instrument.

Mr. McCue: Have you got a copy of such instrument?

Mr. Ellsworth: I have a copy of such instrument.

Mr. McCue: Will you produce it?

Mr. Ellsworth: Counsel objects to such demand at this time, the demand being made only for the purpose of showing that the original instrument is not in the possession of the counsel for the plaintiff, and for the purpose of laying a foundation for secondary evidence if it is not produced. I take it we are under no obligation to produce the secondary evidence.

The Court: Until it appears that the original cannot be produced, I take that to be the law. It is not competent evidence until that is shown.

Mr. McCue: The attention of your Honor is called to the fact that this evidence is within the breast of the adverse parties.

Mr. Ellsworth: It is in the breast of Mr. Cummins according to your own showing. Mr. Cummins is here if you wish to call him as a witness. You will call him as your own witness, however.

Mr. McCue: I am making my own record in this lawsuit, Mr. Ellsworth, and submit this record to the court.

The Court: In the absence of any showing that the original contract cannot be produced, the maker of it being present, the objection is sustained.

Mr. McCue: We will say for the information of the court that we know of no public record of this instrument, and we have not got in our possession evidence that such instrument is in existence. It is in the possession of Mr. Cummins and the defendant in this action, and that Mr. Cummins, while not a nominal party to this lawsuit, he is here counseling with the defendants in this action, that he is brought here into this court by them as their witnesses.

The Court: If this instrument is in writing, it does not matter who it comes from so far as the instrument is concerned, whether from the plaintiff or the defendant, it would not make any difference in the terms of the contract, if it is in writing.

Mr. McCue: I appreciate that fact, your Honor.

Mr. Ellsworth: I do not represent Mr. Cummins, and Mr. Cum-

mins is here in person to represent himself; and this evidence, if it tends to show anything, shows he has the instrument if it is in existence, and he is the proper person to produce it, and not me.

Mr. McCue: Then you refuse to produce the copy of the instrument which you hold here in court, Mr. Ellsworth?

Mr. Ellsworth: I stated that I do not have in my possession the original lease between Mr. Cummins and Mr. Klemstein.

Mr. McCue: I appreciate that fact, but you have already stated that you have a copy of it?

Mr. Ellsworth: No, I made objection to your demand and the court sustained the objection to the copy.

Mr. McCue: I don't care about any of your instructions: You say that you have a copy of this instrument, and I asked you if you refused my demand to produce this copy of that instrument.

Mr. Ellsworth: Refuse to answer such question, and object to the plaintiff's demand, your demand of such copy of me.

We are fully satisfied that a prima facie case was made out by the plaintiff, and that it was not incumbent upon it to introduce the lease in evidence, if a lease there was. The testimony was positive that Klemstein was in possession of the land; that Klemstein had raised the crop; that the mortgage was upon a one-half interest therein, and that all of the crop had been sold to the defendant. The owner of the land, Cummins, is not intervening or claiming any interest therein. Even if there was a lease there is no evidence that its terms were inconsistent with the half ownership of the grain in question by the tenant Klemstein. To our minds the issues in the case have already been settled by this court in the case of Ellestad v. Northwestern Elevator Co. 6 N. D. 88, 69 N. W. 44, and Nichols, S. & Co. v. Barnes, 3 Dak. 148, 14 N. W. 111.

The judgment of the District Court is reversed and a new trial is ordered.