GILBERT N. HAGEN, Appellant, v. M. M. DWYER, Respondent, and A. M. Green, Intervener.

(162 N. W. 699.)

Crops — chattel mortgage — description — part of quarter section — number of acres — only mentioned — when void — when valid.

1. A description in a chattel mortgage upon a crop to be grown described the crop as that to be grown upon "one hundred (100) acres lying in the northwest part of the northwest quarter of section No. 23, Township No. 141, Range 54." *Held*, that the description renders the mortgage void if it should appear that the whole of the quarter section referred to was cropped. *Held*, further, that the description would be reasonably definite and the mortgage valid if it should appear by extrinsic evidence that the only crop grown upon the quarter section was approximately 100 acres on the westerly side thereof.

Chattel mortgage — description in — vague — indefinite and uncertain.

2. A description in a chattel mortgage as follows, "25 acres of wheat south

---

Note.—On description of property on sale or mortgage of future crops, see note in 23 L.R.A. 458, in which cases will be found collated, giving both sufficient and insufficient description.

On typewritten matter as written or as printed matter, see note in L.R.A.1915D, 1084.

of the north 100 acres of section 23," is so vague and indefinite as to render the mortgage void.

**Promissory note — chattel mortgage to secure — consideration — future credit — typewritten statements in — printed matter in — former prevails — effect of mortgage — limited.**

3. Where a chattel mortgage is given to secure a promissory note for $500, and it appears in a typewritten statement in the mortgage that the mortgage is given to secure the payment of $500 for merchandise to be sold on credit in the future, which is the same consideration that supports the promissory note, and where the mortgage contains an additional printed stipulation purporting to embrace additional indebtedness, it is held that there is a conflict between such stipulation and the typewritten statement of consideration; and that in such case the typewritten statement prevails. The mortgage is therefore limited to security for the merchandise sold on credit.

**Chattel mortgage — indebtedness secured — payment in part — application of — directed by debtor — creditor — application to other debt — cannot make.**

4. Where the debtor pays a part of the indebtedness secured by mortgage and directs its application to the payment of such debt, the mortgage is reduced by the amount of the payment, notwithstanding a subsequent effort of the creditor to apply it upon another debt.

**Thresher's lien — evidence — findings — supported by.**

5. The evidence is held to support a finding in favor of a thresher's lien.

**Thresher's lien — waiver of — question of intent — consent to part sale of security — not necessarily waiver of lien.**

6. Where a lien exists and it is claimed that the lien is waived, waiver is a question of intent, and will not necessarily result from the sale of a portion of the property against which the lien exists, made by or with the consent of the holder of the lien.

Opinion filed March 24, 1917. Rehearing denied April 28, 1917.

Appeal from District Court of Cass County, *C. A. Pollock, J.*
Reversed.

*W. J. Courtney,* for appellant.

The law is general that any description in a mortgage or deed that will enable the parties to identify the property with the aid of such inquiries as the instrument itself suggests is a sufficient description. Jones, Chat. Mortg. §§ 56, 57; Nichols, S. & Co. v. Barnes, 3 Dak. 148, 14 N. W. 110; Melin v. Reynolds, 32 Minn. 52, 19 N. W. 81;

Minor v. Sheehan, 30 Minn. 419, 15 N. W. 687; Reynolds v. Strong, 10 N. D. 81, 88 Am. St. Rep. 680, 85 N. W. 987; Union Nat. Bank v. Oium, 3 N. D. 193, 44 Am. St. Rep. 533, 54 N. W. 1034; 1 Hill's Dig. p. 291.

The intervener, when he had the record before him, and could see the land as described in our mortgages, was bound to know that our mortgages covered this identical grain.

The description is so plain that inquiry was unnecessary. He knew the land on this quarter that was actually cropped, and knew that it was covered by our mortgages. Warner v. Wilson, 73 Iowa, 719, 5 Am. St. Rep. 710, 36 N. W. 720; Pomeroy v. Trowbridge, 74 Iowa, 550, 38 N. W. 411; First Nat. Bank v. Koechel, 8 S. D. 391, 66 N. W. 933.

A debtor has the right to direct where his payment shall be applied, and the creditor must not ignore such direction. New England Mortg. Secur. Co. v. Great Western Elevator Co. 6 N. D. 407, 71 N. W. 130.

*Fowler & Green,* for intervener-respondent, and *L. L. Twitchell,* for defendant-respondent.

A thresher's lien perfected as required by statute is superior to the lien of any chattel mortgage upon the crop affected by it, regardless of date of mortgage. Comp. Laws 1913, § 6856; Reeves & Co. v. Russell, L.R.A.1915D, 1153, note.

The intervener, by consenting to the sale of a part of the grain covered by his thresher's lien, no doubt waived his lien as to such portion. But there is nothing in the record to evince any intent on his part to waive as to the balance of his security. Wonser v. Walden Farmers Elevator Co. 31 N. D. 383, 153 N. W. 1012.

The green chattel mortgage is superior to both of Hagen's mortgages, for the reason that the descriptions in such mortgages are fatally defective, and the mortgages are therefore void. The rule in crop mortgages is that the description must be so definite and certain as will enable third persons to clearly identify the property when aided by inquiries which the instrument itself indicates and directs,—otherwise the mortgage is void for uncertainty. 5 R. C. L. p. 427; Wattles v. Cobb, 60 Neb. 403, 83 Am. St. Rep. 537, 83 N. W. 195, and numerous cases cited; Walter A. Wood Mowing & Reaping Mach. Co. v. Minneapolis & N. Elevator Co. 48 Minn. 404, 51 N. W. 378.

Where a contract is partly written and partly printed, or when a part is written or printed under the special directions of the parties, and with a special view to their intention, and the remainder is copied from a form originally prepared without special reference to the particular parties, the written parts control the printed parts, and if the two are absolutely repugnant, the latter must be so far disregarded. Comp. Laws 1913, § 5911.

BIRDZELL, J. Separate actions were brought for the foreclosure of two chattel mortgages. One Green intervened in both actions, and asked for the foreclosure of a thresher's lien and a chattel mortgage held by him. The actions were consolidated and resulted in the foreclosure of the Green lien and mortgage and in the entry of judgment against the defendant for the amount of plaintiff's claim and for a deficiency in favor of the intervener. From this judgment the plaintiff appeals, claiming that his mortgage is prior to the liens of the intervener. The facts are as follows: On January 28th, 1915, the defendant, Dwyer, executed and delivered to the plaintiff, Hagen, a promissory note for $500 and a chattel mortgage securing the same. The mortgage described the note and in addition contained the following recital of consideration: "This chattel mortgage being made and accepted upon the express condition that the mortgagee shall furnish and supply to the mortgagor, at the current market retail prices and on credit, general merchandise of the value of five hundred ($500) dollars, such credit for merchandise being payable at the same time with the note herein described."

The foregoing was filled in with a typewriter, and the following is a part of the printed form: "It is agreed, that this instrument shall be construed as covering and securing any and all additional indebtedness which the first party may contract to the second party, at any time during the life of this mortgage."

The mortgage purported to cover a crop to be grown during the year 1915 upon land described as follows: *"One hundred (100) acres lying in the northwest part of the northwest quarter of section No. 23, Township No. 141, Range No. 54."*

On March 9th, 1915, Dwyer executed a written guaranty in favor of Hagen by which he guaranteed the payment of an amount not to

exceed $225, covering an existing indebtedness of, and future advances to, one Joseph Brosche, an employee of Dwyer.

On September 4th, 1915, Dwyer gave Hagen another note and mortgage for $150. This mortgage covered *"25 acres of wheat south of the north 100 acres of section 23."*

On September 13, 1915, Dwyer gave a note and mortgage to the intervener, Green, for $1,850.40, the mortgage covering the crop on the *west half of section 23.*

On October 30th, 1915, Green filed a thresher's lien claiming $385.

There are some minor facts which will be stated later in this opinion, as they become material to a consideration of the legal questions arising upon the foregoing facts and to a review of the findings of the learned trial judge, which are challenged in the appellant's specification of errors.

The main argument of the appellant is in support of the specification predicated upon the finding that the plaintiff's mortgages are void because of their failure to describe the property intended to be covered? In both of plaintiff's mortgages the descriptions are so vague as to cover no particular property to the exclusion of other property of the same nature. It follows from this that the mortgages are necessarily void, unless upon reference to the extrinsic evidence touching the acreage and character of the crops grown by the mortgagor it is made to appear that the descriptions employed are applicable to certain property and to no other. A careful examination of the record discloses an unsatisfactory condition of the proof with reference to the cropping of the northwest quarter of section 23 during the year in question. It is undisputed that there were grown upon the westerly side of this quarter 108 acres of wheat, but there is no evidence as to what was grown upon the remainder of the tract, although it further appears that there were 110 acres of rye upon the west half of the section, and that there were some 28 acres of wheat upon the southwest quarter. This unsatisfactory state of the record renders it necessary for us to consider the effect of the description in the first mortgage, both upon the theory that the fact is, as stated by counsel for appellant, that the whole of the northwest quarter was sown to crop, about 108 acres being sown to wheat and the remaining portion to rye, and upon the hypothesis that there were but 108 acres of crop upon the quarter

in question. Upon the first hypothesis, assumed for the purpose of this discussion, it is difficult to see how the faulty description in the mortgage, purporting to cover the crop to be grown upon the 100 acres lying in the northwest part of the quarter section, was in any way aided by the evidence *aliunde*. Disregarding the extrinsic facts as to the cropping of the land, it is manifest that the description refers to no defined parcel, and that it might be satisfied by any one of numberless tracts. The fundamental vice in the description consists in the failure to employ terms appropriate to define a given subdivision or definite fraction of one. The authorities clearly establish that a description of this character is so indefinite and vague as to render the mortgage void, particularly as to subsequent purchasers and creditors. In the case of Wattles v. Cobb, 60 Neb. 403, 83 Am. St. Rep. 537, 83 N. W. 195, the description purported to cover certain crops, including 340 acres of corn to be grown upon certain described lands. There were grown upon the lands described 425 acres of corn, and it was held that the description was so faulty as to invalidate the mortgage. In Walter A. Wood Mowing & Reaping Mach. Co. v. Minneapolis & N. Elevator Co. 48 Minn. 404, 51 N. W. 378, the following description, "40 acres of wheat on the N. E. ¼ section 4, T. 161, R. 76," was held too indefinite where it appeared that there were 75 acres of wheat seeded on the quarter section described. See also 5 R. C. L. 427, and Jones, Chat. Mortg. 5th ed. § 55a.

Counsel for appellant has cited authorities holding descriptions sufficient where the parcels or subdivisions have not been clearly defined, but in all such cases there were descriptive words used which, when considered in the light of the extrinsic evidence employed in applying the terms of the mortgage, rendered the description adequate. Wade v. Strachan, 71 Mich. 459, 39 N. W. 582; State v. Logan, 100 N. C. 454, 6 S. E. 398; Nichols, S. & Co. v. Barnes, 3 Dak. 148, 14 N. W. 110; Melin v. Reynolds, 32 Minn. 52, 19 N. W. 81; Minor v. Sheehan, 30 Minn. 419, 15 N. W. 687. If, upon a retrial, it should develop that during the year in question there were grown upon the northwest quarter of section 23 approximately 108 acres of wheat *and that this was all the crop grown upon such quarter section,* in our opinion, the mortgage, when considered in the light of the extrinsic evidence, would be brought within the rule of law relied upon by the counsel for appel-

lant, and would be valid. It cannot be successfully contended that the mortgage was void because the crop covered a few acres more or less than the number referred to in the description. It might well appear that the mortgage was intended to cover such crop as would be grown upon the quarter section in question, and that it was contemplated that about 100 acres would be cropped. In the light of extrinsic facts such as these, the failure to correctly describe the land upon which the crop was to be grown would not affect the validity of the mortgage, for under such facts it would be quite apparent that the description could have been intended to apply to no other property than what was so described with reasonable certainty.

In our opinion the mortgage executed on September 4th, 1915, which purports to cover certain wheat described as "25 acres of wheat south of the north 100 acres of section 23," is void for the reasons assigned under the first hypothesis above. It is impossible to locate with definite certainty any particular 25 acres of wheat intended to be covered by the mortgage grown upon land "south of the north 100 acres of section 23." The description is not even confined to the half section nor to the quarter section, and it is difficult to see how a roving description of this character can possibly be made certain in its application, in the light of any extrinsic evidence that might be adduced in the case at bar. It does not point to any measure according to which it can be made definitely applicable. It differs from the other description in that the former description was made applicable to 100 acres of crop upon a certain quarter section, whereas this description would be satisfied by any 25 acres out of the larger wheat field, provided only that it be not a part of the north hundred acres of the section.

Holding, as we do, that the description in the mortgage **first above** referred to would be good under facts which might develop upon a retrial, it becomes necessary to consider the further contention of the appellant that the mortgage was intended not only to secure the $500 note of even date with the mortgage, but was intended to cover additional indebtedness as well. After reading the mortgage in the light of the facts appearing in the record, we think this contention wholly unfounded. It clearly appears that the mortgage was given primarily to secure a note which had been taken for goods to be supplied in the future upon credit. The clauses inserted in the mortgage in type-

writing not only identify the note given by the mortgagor, but state the consideration for the mortgage in such terms as to make it very apparent that the mortgage was given for no other consideration than that which supported the note. Where a mortgage bears such unmistakable evidence as to the consideration which supports it and as to the indebtedness it was given to secure, it is improper to extend it so as to make it applicable to additional indebtedness of a similar character, particularly as against subsequent lienholders. Where there is a conflict between the plain meaning of the inserted clauses and those appearing in the printed blank used, the meaning to be deduced from the inserted clauses must prevail. As we view the mortgage, it secures only the $500 note given to cover credit for merchandise to be supplied in the future.

It appears that Dwyer sustained a loss by hail, for which he was compensated by insurance to the extent of $335.49 net, after payment for premiums, seed grain, etc. This money was paid to a bank to which Hagen had pledged the note and mortgage as collateral security. At the time the payment was made instructions were given by Dwyer to apply the money on the note. These instructions were followed by the cashier of the bank, but later the indorsement of credit was erased at Hagen's request. Under section 5799 of the Compiled Laws of 1913 this payment must be considered as applied upon the $500 note, and the mortgage, if shown to be valid, will stand as to the balance of the indebtedness resulting from the credit extended by Hagen to Dwyer for merchandise sold to Dwyer.

It is contended by the appellant that the thresher's lien of the intervener is invalid and excessive; and that if such lien ever existed, it was waived by his sale of some of the property to which the lien attached. There is ample, positive, and uncontradicted testimony to support the findings of the trial judge to the effect that Green, the intervener, operated the threshing machine as lessee, and that as such thresher he threshed grain for the defendant entitling him to a lien for the contract price amounting to $385. A careful examination of the evidence in the record fails to convince us that the positive testimony supporting the above conclusions is successfully overcome by the circumstance of Green's disposing of a small portion of the grain and applying the proceeds for the benefit of Dwyer. Even though Green did sell some

36 N. D.—23.

of the wheat, as contended by appellant, and apply the money in payment of Dwyer's indebtedness to other persons, such acts would not necessarily constitute a waiver of the lien upon the remainder of the crop.  Waiver in such cases is a question of intent.  Wonser v. Walden Farmers Elevator Co. 31 N. D. 383, 153 N. W. 1012.

The judgment of the trial court is reversed and the cause remanded for a new trial only as to the issues pertaining to the validity of the Hagen mortgage, the apportionment of the thresher's lien thereon, and for such further proceedings as are rendered necessary to the entry of a final judgment in conformity with this opinion.  Neither appellant nor respondent shall be entitled to recover costs on this appeal.

Robinson, J.  The plaintiff brings this action to recover a judgment and to foreclose two chattel mortgages made to him by defendant.  The first is a mortgage by defendant to secure $500 and other advances. It is on an undivided half of all crops of every kind grown during the year 1915 on "100 acres in the northwest part of the N. W. ¼ of Section 23, in Township 141, of Range 54, in Cass County, N. D."  The second mortgage is on "25 acres of wheat south of the north 100 acres of Section 23."

The intervener claims priority under a subsequent mortgage made to him by defendant for $1,850.40, covering the crop on the west half of section 23 in the same township and range.  The plaintiff appeals from a judgment sustaining the claim of the intervener and holding void the first mortgage because of the way in which the property is described.  He also objects to the judgment for a threshing lien asserted by the intervener.

In a chattel mortgage it is often quite impossible to describe horses, cattle, and other property so that it can be identified without inquiry. The purpose of the law in requiring the making, filing, and indexing of chattel mortgages, is to give notice to a subsequent purchaser or encumbrancer who consults the records and acts in good faith.  If the intervener had gone to the office of the register of deeds and consulted the index record of mortgagors, under the letter "D" he would have found a reference to the first mortgage on all crops grown during the year 1915 on the northwest 100 acres of a definite quarter section of land.  In taking a second mortgage on the same crop in the autumn of

1915, he was charged with notice of the crops then on the quarter section. The wheat crop was 108 acres, and the plaintiff had a valid mortgage on 100 acres of that crop, and it was not for the intervener to take a second mortgage and say that he did not know of the first.

In regard to the mortgage on "25 acres of wheat on the south of the north 100 acres of Section 23," this description is void. It is too indefinite for any purpose. The north 100 acres of the section means a strip of land 50 rods wide on the north side of the section, and the description refers to 25 acres south of that strip, even though it is not in section 23.

In regard to the lien which the intervener may claim for threshing the 100 acres of wheat, the amount must be determined by a showing of what the threshing was reasonably worth, and not by any collusive agreement made between Dwyer and the intervener. And it must appear that the lien asserted by the intervener is for a sum justly due and owing from Dwyer to him for the threshing of the 100 acres. The charge for the threshing does appear to be unreasonable, and if it appears that the intervener sold or consented to the sale of any property covered by the mortgage of the plaintiff, he, the intervener, is chargeable with the price or reasonable value of the same. That is the law of this case.